*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EDITA RAMIC,

        Plaintiff-Appellee,

and

FAZLIJA SALI,

        Plaintiff,

v

BULLOCK ENTERPRISES, LLC, doing business as
BRADFORD SQUARE APARTMENTS,

        Defendant,

and

BRADFORD SQUARE CONDOMINIUM
ASSOCIATION,

        Defendant-Appellant.

UNPUBLISHED
February 1, 2022

No.  354374
Macomb Circuit Court
LC No.  2019-000020-NO

Before:  CAVANAGH, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

In this interlocutory appeal, defendant, Bradford Square Condominium Association (Bradford), appeals by leave granted the trial court's order denying Bradford's motion for summary disposition under MCR 2.116(C)(10) of plaintiff Edita Ramic's complaint against Bradford asserting negligence and liability under MCL 554.139.  We reverse and remand for entry of judgment in favor of Bradford.

-1-

## I. FACTS

In October 2017, plaintiff Edita Ramic leased a condominium unit from Waldemar Liebich. Liebich owns the unit, which is located in a condominium complex owned by defendant Bullock Enterprises, LLC.[1] Defendant Bradford is a condominium association that was formed to manage the complex. On the evening of September 3, 2018, Ramic left the unit, which is located on the second floor of the complex, to retrieve her mail from her mailbox on the first floor of the complex. Ramic was wearing flip flops; when she reached the top of the stairs that were located in a common area of the building, she attempted to step down the first step but lost her footing and fell down the stairs, sustaining injuries. Ramic alleges that at the time she fell none of the lights in the stairway were operating, and the stairway was dark.[2] Ramic claims that the fall was not the result of tripping on either her flip flops or the carpet, but rather that the darkness caused her to lose her footing and fall as she stepped down the first step.

The common area of the building contains two stairways leading from the first floor to the second floor; the front stairway is farthest from Ramic's unit but closest to her mailbox, while the back stairway is closest to Ramic's unit. Ramic testified that at the time she fell, although none of the lights in the front stairway were operating, the back stairway had working lights and was illuminated. Ramic testified that nonetheless she chose to use the front stairway because it was the shortest route to the mailboxes, and also because she was concerned that the back stairway was not safe because the door by that stairway often was unlocked.

Plaintiffs initiated this action in the trial court against defendant Bullock Enterprises, LLC, and later amended the complaint to add Bradford as a defendant.[3] In the amended complaint, Ramic alleged that Bradford was negligent and breached its statutory duty under MCL 554.139. Bradford moved for summary disposition under MCR 2.116(C)(10), contending that it did not breach either a common law duty or a statutory duty. Bradford argued in part that Ramic's common law negligence claim failed because the condition in the stairway was open and obvious,

---

[1] According to defendants' answer to plaintiffs' amended complaint, the condominium complex is owned by defendant Bullock Enterprises, LLC; Bradford is a condominium association that was formed to manage the complex. Bradford's motion for summary disposition asserted that Liebich owns the unit which Ramic leased, that Liebich is Ramic's landlord, that Liebich paid association dues to Bradford, and that Bradford had possession and control of the common areas of the condominium complex on the day in question. In her response to Bradford's motion, Ramic admits these assertions.

[2] Neighbors reported that at the time of Ramic's fall the lights in the front stairway were not working, that often the lights were completely burned out, and that their calls to report that the lights were not working received no response. After Ramic's fall, the property management company employed by Bradford to perform maintenance in the building denied receiving any work orders or complaints regarding the lighting in the building. Liebich asserted that he did not know about the lack of lighting before the accident and that on the morning of the accident he observed that all the lights in the front entrance of the building were working.

[3] Plaintiff Fazlija Sali, Ramic's partner, and defendant Bullock Enterprises were subsequently dismissed with prejudice by stipulation of the parties, and are not parties to this appeal.

no special aspects existed to make the stairway unreasonably dangerous, and Ramic could have avoided the alleged danger by using the back stairway. Bradford contended that Ramic's statutory claim failed because the stairway where plaintiff fell was fit for its intended use.

At the conclusion of the hearing on the motion, the trial court denied Bradford's motion for summary disposition, determining that genuine issues of material fact existed. The trial court stated:

> I'm going to deny this motion. It just seems to me that there is not a case directly on point, other than in dicta, which addresses this situation. And I believe that poor lighting by itself can be a dangerous condition if the jury believes it to be so. Almost all of the arguments presented by Defense are very persuasive arguments, but only in terms of a jury. Michigan law is, has been decided over the years to be very favorable to owners of premises. I think it started off with the fact that we get a lot of snow and ice, and so the Court of Appeals wisely said, hey, this is Michigan, people have to expect some problems when you live in a state that gets a lot of snow and ice that melts and warmth and cold spells. And so they rationalized our law to be consistent with the type of state that we live in and the weather that we have. And from that then it spread to all areas of premises liability, so that we now have the open and obvious doctrine. But essentially the open and obvious doctrine I believe, although I recognize that judges can and should enter a summary disposition if something is open and obvious and the plaintiff proceeded at his or her own risk. I understand that. But quintessentially the subjective determination if something was truly open and obvious and whether a, the premises are fit for the use for which they are intended, those are just jury questions about which reasonable minds can differ. And although Defense has come close to a summary disposition in this case I'm going to deny it, because if I granted it[,] it seems to me that I'm essentially taking away a question about which reasonable minds can differ from the finders of fact that should be deciding these things, namely a jury rather than me as a Circuit Judge. So that's my response and so the motion is denied.

The trial court thereafter entered its order denying Bradford's motion. This Court granted Bradford's application for leave to appeal the trial court's order. *Ramic v Bullock Enterprises, LLC*, unpublished order of the Court of Appeals, entered November 4, 2020 (Docket No. 354374).

## II. DISCUSSION

Bradford contends that the trial court erred by denying its motion for summary disposition under MCR 2.116(C)(10). Bradford argues that Ramic's claim under MCL 554.139 fails because there is no genuine issue of material fact that the stairway upon which Ramic fell was fit for its intended use, and that the open and obvious doctrine bars Ramic's common law negligence claim.

### A. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). We also review de novo questions of statutory interpretation, *Vermilya v Delta College Bd of*

*Trustees*, 325 Mich App 416, 418; 925 NW2d 897 (2018), and the trial court's determination whether a duty exists. *Hill v Sears, Roebuck & Co*, 492 Mich 651, 659; 822 NW2d 190 (2012). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and is warranted when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *El-Khalil*, 504 Mich at 160. When reviewing a motion for summary disposition under MCR 2.116(C)(10), we consider the documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Id*. We will find that a genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018).

## B. MCL 554.139

Bradford contends that Ramic's claim under MCL 554.139 fails because the stairway upon which Ramic fell was fit for its intended use. We conclude that Ramic's claim against Bradford under MCL 554.139 fails because Bradford is not a "lessor" under the statute. MCL 554.139(1) states:

> (1) In every lease or license of residential premises, the lessor or licensor covenants:
>
> > (a) That the premises and all common areas are fit for the use intended by the parties.
> >
> > (b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants wilful or irresponsible conduct or lack of conduct.

MCL 554.139(1) imposes a duty upon a lessor or a licensor of residential premises. "The statutory protection under MCL 554.139(1) arises from the existence of a residential lease and consequently becomes a statutorily mandated term of such lease." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). "Therefore, a breach of the duty to maintain the premises under MCL 554.139(1)(a) or (b) would be construed as a breach of the terms of the lease between the parties and any remedy under the statute would consist exclusively of a contract remedy." *Id*. at 425-426. If no lease exists between the plaintiff and the defendant, then the defendant is not a lessor, and no duty can be imposed under MCL 554.139(1). See *Francescutti v Fox Chase Condo Ass'n*, 312 Mich App 640, 642; 886 NW2d 891 (2015).

In *Francescutti*, this Court held that the owner of a condominium unit did not have a cause of action under MCL 554.139(1) against the condominium association for an injury allegedly arising from the condominium association's failure to maintain the common areas of the condominium development because the owner of the unit was not a lessee of the common areas, and the condominium association was not a lessor. *Francescutti*, 312 Mich App at 642. This Court reasoned that the plaintiff, as an owner of a unit in the condominium complex, had an ownership interest in, and the right to use, the common areas of the condominium complex; the defendant condominium association had not leased the common areas to the plaintiff, however, and was not a lessor under the statute. In accord, *Jeffrey-Moise v Williamsburg Towne Houses*

*Coop, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 351813); slip op at 8 (defendant corporation operating a housing cooperative did not lease the common areas of the cooperative to the plaintiff, and therefore was not a lessor under MCL 554.139).

In this case, Liebich owns the condominium unit, which presumably includes an ownership interest in, or at least a right to use, the common areas of the complex. Liebich leased his unit to Ramic; the residential lease agreement identifies Liebich as the lessor of the residential unit and Ramic as the lessee. There is no evidence in the record that Bradford leased either the unit or the common areas to Ramic, or indeed, to Liebich. Because Bradford is not a lessor, MCL 554.139 does not impose any duty upon Bradford in this case. See *Francescutti*, 312 Mich App at 642. Accordingly, the trial court erred when it denied Bradford's motion for summary disposition of Ramic's claim under MCL 554.139.

## C. NEGLIGENCE

Bradford also moved for summary disposition of Ramic's negligence claim under MCR 2.116(C)(10) on the basis that any danger posed by the unlighted stairway was open and obvious. The trial court denied Bradford's motion for summary disposition, concluding that whether the open and obvious doctrine barred Ramic's negligence claim was a question for the jury. We disagree.

To establish a prima facie case of negligence, a plaintiff must demonstrate that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of those damages. *Composto v Albrecht*, 328 Mich App 496, 499; 938 NW2d 755 (2019). The threshold question in a negligence action is whether the defendant owed a legal duty to the plaintiff, *Fultz v Union-Commerce Assoc*, 470 Mich 460, 463; 683 NW2d 587 (2004), which is a question of law to be decided by the court. *Hill*, 492 Mich at 659. In a negligence action, if the plaintiff does not establish that the defendant owed the plaintiff a duty, summary disposition is properly granted to the defendant.[4] *Halbrook v Honda Motor Co, Ltd*, 224 Mich App 437, 441; 569 NW2d 836 (1997).

Michigan law distinguishes between a claim of ordinary negligence and a claim premised on a condition of the land. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). Whether the gravamen of an action sounds in negligence or in premises liability is determined by considering the plaintiff's complaint as a whole, regardless of the labels attached to the allegations by the plaintiff. *Id*. at 691-692. When a plaintiff alleges injuries arising from a dangerous condition on the land, the claim is one of premises liability rather than ordinary

---

[4] The dissent maintains that, viewing the evidence in the light most favorable to plaintiff, there was substantial evidence that defendant had not maintained the lights in the stairway; the dissent points to evidence that the lights had not been operating for weeks before plaintiff's fall and that defendant failed to address the complaints of the residents regarding the lights. The reasonableness of a defendant's conduct, however, is only relevant if the plaintiff has established that the defendant owed the plaintiff a duty. When, as in this case, the plaintiff fails to establish that the defendant owed the plaintiff a duty, summary disposition is properly granted without considering the reasonableness of the defendant's conduct. See *Halbrook*, 224 Mich App at 441.

negligence. *Id*. at 692. In this case, Ramic alleges that a condition of the premises, i.e., the dark stairway, constituted a dangerous condition on the property that gave rise to her injury. Because plaintiff's claim is based on Bradford's duty as the possessor of the building in which she fell, we treat Ramic's claim as one of premises liability. See *id*. at 692.

In a premises liability action, as in any negligence action, the plaintiff must establish the elements of negligence, *Goodwin v Northwest Michigan Fair Ass'n*, 325 Mich App 129, 157; 923 NW2d 894 (2018), but liability arises from the defendant's duty as an owner, possessor, or occupier of land. *Buhalis*, 296 Mich App at 692. The initial inquiry when analyzing a claim of premises liability is the duty owed by the possessor of the premises to a person entering the premises. *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). The duty a possessor of land owes to a person who enters upon the land depends upon whether the visitor is classified as an invitee, a licensee, or a trespasser. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000). An invitee is a person who enters upon the land of another by an invitation that carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises and to make the premises safe for the invitee's presence. *Id*. Here, the parties do not dispute that Ramic was an invitee, having entered upon the premises at the invitation of Liebich.

The possessor of land owes an invitee the duty to use reasonable care to protect the invitee from an unreasonable risk of harm posed by a dangerous condition on the premises. *Estate of Livings v Sage's Investment Group, LLC*, 507 Mich 328, 337; ___ NW2d ___ (2021); *Hoffner*, 492 Mich at 460. The possessor of the premises breaches that duty of care when he or she knows or should know of a dangerous condition on the premises of which the invitee is unaware, and fails to fix, guard against, or warn the invitee of the defect. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016).

A premises possessor is not an absolute insurer of the safety of an invitee, however, and accordingly, the premises possessor's duty does not extend to open and obvious dangers. *Estate of Livings*, 507 Mich at 337; *Jeffrey-Moise*, ___ Mich App at ___; slip op at 6. The open and obvious doctrine is predicated on the strong public policy that people should take reasonable care for their own safety. *Buhalis*, 296 Mich App at 693-694. A premises possessor is thus not obligated to take extraordinary measures to keep people safe from reasonably anticipated risks, and does not owe a duty to protect from, or warn of, dangers that are open and obvious because "such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Hoffner*, 492 Mich at 461.

Whether a dangerous condition is open and obvious "depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id*. This is an objective test in which the court considers "the objective nature of the conditions of the premises at issue." *Id*., quoting *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 524; 629 NW2d 384 (2001). The court does not consider whether a particular plaintiff should have realized that the condition was dangerous, but rather whether an average person in that position would have foreseen the danger. *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 713; 737 NW2d 179 (2007). Although a question of fact may arise regarding the openness and obviousness of a condition, see *Estate of Livings*, 507 Mich at 337, the open and obvious doctrine is not an exception to the duty owed by the premises possessor, but instead is an integral part of

that duty; thus, the application of the open and obvious doctrine is part of the question of duty that is a question of law for the court to decide. *Hoffner*, 492 Mich at 476. That is, because the open and obvious doctrine cuts off liability as a matter of law, it is for the trial court to decide and is not a question of fact for the jury. *Id*. at 477.

A narrow exception to the open and obvious doctrine exists when a "special aspect" of the open and obvious condition makes the risk unreasonable, thereby obligating the premises possessor to take reasonable steps to protect invitees from unreasonable risk of harm. *Id*. at 461. A special aspect of an open and obvious condition is found if the danger is effectively unavoidable, or if it is unreasonably dangerous. *Estate of Livings*, 507 Mich at 337. A condition that is common or avoidable is not considered uniquely dangerous. *Hoffner*, 492 Mich at 463. Absent a special aspect of the open and obvious condition, the duty of a premises owner or possessor does not extend to open and obvious dangers.[5] *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275, 285; 933 NW2d 732 (2019).

In this case, Ramic alleges that the darkness itself made the otherwise unhazardous stairway hazardous by making it hard for Ramic to see where she was stepping. This Court has held that darkness may conceal a hazard that might otherwise have been open and obvious. See, e.g., *Abke v Vandenberg*, 239 Mich App 359, 362-363; 608 NW2d 72 (2000). That is, a claim of premises liability has been permitted to proceed on the basis that poor lighting concealed a hazard. By contrast, inadequate lighting itself has been held to constitute an open and obvious condition that an invitee may reasonably be expected to discover. In *Singerman v Muni Serv Bureau, Inc*, 455 Mich 135; 565 NW2d 383 (1997), the plaintiff alleged that his injuries were caused by inadequate lighting in a hockey rink. Affirming the trial court's order granting summary disposition in favor of the defendants, the Court stated:

> [H]ere there was nothing unusual about the inadequate lighting in the hockey rink to cause such a duty to remain. Plaintiff was an adult and an experienced hockey player. The lighting in the rink is alleged to have been consistently inadequate, not subject to unexpected fluctuations or other changes. There was nothing to prevent plaintiff from realizing that the rink was inadequately lighted. Nor was there any chance that he would forget the potentially hazardous condition, because the

---

[5] The dissent asserts that the dark stairway had the "special aspect" of being unreasonably dangerous, thus giving rise to liability regardless of the openness and obviousness of the condition. The dissent concedes that neither darkness alone nor a properly constructed stairway alone is a hazard, but concludes that a stairway in the darkness is a hazard, or at least it becomes a question for the jury as to whether it is a hazard. But although this Court has held that darkness may conceal a hazard, a hazard is not created simply because the darkness makes it difficult to navigate an otherwise unhazardous route. To so conclude would be to find that anything and everything is a hazard if concealed in darkness, i.e., that darkness is a hazard. Further, as discussed, the open and obvious doctrine is not an exception to the duty owed by the premises possessor, but instead is an integral part of that duty; thus, the application of the open and obvious doctrine, including special aspects, is a question of law for the court to decide and not a question for the jury. See *Hoffner*, 492 Mich at 476-477.

condition was constantly before him. Finally, plaintiff was not compelled to use the rink for work, or profit, or any other overriding or substantial motivation. He chose to participate in a dangerous sport under conditions that he knew to be dangerous. [*Id*. at 144.]

In this case, Ramic alleged that the darkness alone caused her to fall on the steps; she does not allege that the darkness concealed some other hazardous condition of the steps. She also testified that she recognized that the front stairway was dark but nonetheless chose to use that stairway instead of the lighted back stairway. Ramic does not allege anything unusual about the darkness itself, and in fact, Ramic asserts that the stairway consistently was unlighted. We conclude that darkness is a condition well known to the average individual of ordinary intelligence, as is the potential for hazard caused by darkness. We therefore conclude that in the circumstances of this case, the darkness caused by the inadequate lighting in the stairway was an open and obvious condition. In so concluding, we reject Ramic's claim that the lack of illumination constituted a special aspect that removed the condition from the scope of the open and obvious doctrine; rather, the condition was neither unreasonably dangerous nor unavoidable. The standard for whether a condition is effectively unavoidable is that the plaintiff "for all practical purposes, [is] *required* or *compelled* to confront a dangerous hazard." *Estate of Livings*, 507 Mich at 338, quoting *Hoffner*, 492 Mich at 463. When the plaintiff has a choice whether to confront a hazard, the hazard is neither unavoidable nor effectively unavoidable. *Id*. A general interest in using the premises, or even a contractual right to do so, is not enough to make a hazard unavoidable. *Hoffner*, 492 Mich at 473-474 (the plaintiff's desire to use a gym where she had a membership did not make the icy entrance an unavoidable hazard).

Here, the trial court determined that a question of fact existed whether the danger posed by the dimly lit stairwell was effectively unavoidable because the other stairwell was perceived by Ramic to be dangerous as well. The danger, according to Ramic, was the threat of trespassers who had potential access via a door that was often left unlocked. However, Ramic also testified that the door at the bottom of the front stairway also was left unlocked. Moreover, since both doors were on the first floor, any intruder who entered from the back would have access to the front. In determining whether a condition is open and obvious, we consider the perspective of the average person, not the particular perspective of the plaintiff in a given case. *Estate of Livings*, 507 Mich at 346. We conclude that an average person would perceive the potential danger of traversing a darkened stairway; that same average person, if concerned that a trespasser was lurking downstairs, would be unlikely to forgo a lighted stairway and instead venture down a darkened stairway at night for the purpose of retrieving one's mail. Accordingly, the open and obvious condition was not unavoidable. Because the open and obvious doctrine is not an exception to the duty owed by the premises possessor, but instead is an integral part of that duty, the application of the open and obvious doctrine is part of the question of duty that is a question of law for the court to decide. *Hoffner*, 492 Mich App at 476. The trial court therefore erred by determining that an issue of fact existed regarding the open and obvious nature of the darkness.

Reversed and remanded for entry of judgment in favor of Bradford. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Michael F. Gadola

-8-