*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAOUD MOUSA JANINI and FERYAL JANINI,

        Plaintiffs-Appellees,

v

LONDON TOWNHOUSES CONDOMINIUM
ASSOCIATION,

        Defendant-Appellant,

and

JAMES PYDA,

        Defendant.

UNPUBLISHED
February 1, 2022

No. 355191
Wayne Circuit Court
LC No. 19-008520-NO

Before: CAVANAGH, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

London Townhouses Condominium Association (defendant), appeals by leave granted[1] the trial court's order granting in part and denying in part its motion for summary disposition. On appeal, defendant argues that the trial court erred by denying defendant's motion for summary disposition of plaintiffs' premises liability claim[2] because plaintiffs' status as co-owners of their condominium unit prevents them from filing a premises liability claim against defendant. We reverse the trial court's order denying summary disposition of plaintiffs' premises liability claim.

---

[1] See *Daoud Mousa Janini v London Townhouses Condominium Association*, unpublished order of the Court of Appeals, entered December 30, 2020 (Docket No. 355191).

[2] The trial court granted defendant summary disposition of each of plaintiffs' other claims.

Plaintiffs Daoud Mousa Janini (Daoud) and Feryal Janini (Feryal) sued defendant and James Pyda[3] for injuries suffered by Daoud when he fell in defendant's development in Westland, Michigan. Plaintiffs own and reside in a condominium unit that is part of defendant's condominium complex. Defendant is an association of the co-owners of the condominiums in the complex that manages and operates the condominium complex on behalf of the owners. Defendant is responsible for the management, maintenance, and administration of the common elements of the condominium complex, including the sidewalks and parking lot. On March 16, 2019, between 8:30 a.m. and 9:00 a.m., Daoud walked out of his condominium to throw garbage in a dumpster. He walked along the sidewalk and across the parking lot. On the way to the dumpster, Daoud slipped and fell on the pavement, which was covered with snow and ice. Daoud saw the snow that was covering the pavement, and he knew that ice could have been underneath the snow. When he slipped and fell, Daoud struck the back of his head against the ice on the pavement.

On July 18, 2019, plaintiffs filed a complaint against defendant for breaching its duty to remove snow and ice from the sidewalk and parking lot of the condominium complex. On August 21, 2019, defendant filed an answer to plaintiffs' complaint and asserted affirmative defenses, including the open and obvious danger defense.

On April 9, 2020, defendant filed its motion for summary disposition pursuant to MCR 2.116(C)(10), in which it argued that plaintiffs' claims sounded in premises liability only. Moreover, defendant argued that, under *Francescutti v Fox Chase Condo Ass'n*, 312 Mich App 640; 886 NW2d 891 (2015), plaintiffs were precluded from bringing a premises liability claim because they were owners of the condominium unit, and thus, they were co-owners of the common areas of the condominium complex. Finally, defendant argued that even if plaintiffs had a viable premises liability claim, defendant was not liable for the dangerous condition of the sidewalk because the condition was open and obvious.

On May 5, 2020, plaintiffs filed their response to defendant's motion for summary disposition. First, plaintiffs argued that defendant's promise to provide maintenance of its common sidewalks rendered it liable to plaintiffs for failing to remove snow and ice from them. Second, plaintiffs argued that defendant's motion for summary disposition should be denied because "the applicable law completely supports plaintiffs' contention that the hazard posed by the snow- and ice-covered sidewalk was effectively unavoidable under the circumstances." Therefore, plaintiffs concluded, defendant breached its common law and contractual duties, and that breach was a proximate cause of plaintiffs' injuries.

The trial court considered defendant's motion without oral argument, and on August 10, 2020, the trial court issued an order granting in part and denying in part defendant's motion for summary disposition. The trial court stated: "Granted in part, denied in part. All of [plaintiffs'] claims are dismissed except the premises liability claim as there exists genuine issues of fact." On

---

[3] Defendant Pyda is the owner of Sodmasters, Inc., which entered into a snow services contract to perform snow and ice removal services at London Townhouses Condominiums for the winters of 2018 and 2019. The claims against defendant Pyda were dismissed by stipulated order.

-2-

August 25, 2020, defendant filed a motion for reconsideration, which was denied by the trial court on October 8, 2020.

On appeal, defendant argues that the trial court erred when it denied defendant's motion for summary disposition of plaintiffs' premises liability claim because plaintiffs, as owners of a condominium unit in the complex, were also co-owners of the common areas of the condominium complex where Daoud slipped and fell, and because Daoud was neither a licensee nor an invitee, there was no duty owed to Daoud by defendant under premises liability. We agree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim." *El-Khalil*, 504 Mich at 160. "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*., quoting *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). This Court also reviews de novo the interpretation of statutes, *Cox v Hartman*, 322 Mich App 292, 298; 911 NW2d 219 (2017), and the trial court's determination whether a duty exists. *Hill v Sears, Roebuck & Co*, 492 Mich 651, 659; 822 NW2d 190 (2012).

In a premises liability action, the plaintiff must establish the elements of negligence, being (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) the plaintiff suffered damages. *Goodwin v Northwest Michigan Fair Ass'n*, 325 Mich App 129, 157; 923 NW2d 894 (2018). However, a claim of premises liability arises "merely from the defendant's duty as an owner, possessor, or occupier of land." *Lymon v Freedland*, 314 Mich App 746, 756; 887 NW2d 456 (2016).

The initial inquiry when analyzing a claim of premises liability is to establish the duty owed by the possessor of the premises to a person entering the premises. *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). The element of duty in a negligence action ordinarily is a question of law to be decided by the trial court. *Hill*, 492 Mich at 659. The duty a possessor of land owes to a person who enters upon the land depends upon whether the visitor is classified as an invitee, a licensee, or a trespasser. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000). An invitee is a person who enters upon the land of another by an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises and to make the premises safe for the invitee's presence. *Id*. A plaintiff will be deemed to be an invitee only if the purpose for which the person was invited onto the owner's property was "directly tied to the owner's commercial business interests." *Id*. at 603-604. The possessor of land owes the greatest duty to an invitee, being the duty to use reasonable care to protect the invitee from an unreasonable risk of harm posed by a dangerous condition on the premises. *Hoffner*, 492 Mich at 460. The possessor of the premises breaches that duty of care when he or she knows or should know of a dangerous condition on the premises of which the invitee is unaware, and fails to fix, guard against, or warn the invitee of the defect. *Lowrey v LMPS & LMPJ*, 500 Mich 1, 8; 890 NW2d 344 (2016). The plaintiff must demonstrate that "the premises possessor had actual or constructive notice of the dangerous

condition at issue." *Id.* A premises possessor generally has no duty to remove open and obvious dangers. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001).

A licensee is a person who enters the land of another by the consent of the property possessor. *Stitt*, 462 Mich at 596. "A landowner owes a licensee a duty only to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved." *Stitt*, 462 Mich at 596. A possessor of land does not owe a duty to a licensee to inspect or to repair to make the premises safe for the licensee's visit. *Kosmalski v St John's Lutheran Church*, 261 Mich App 56, 65; 680 NW2d 50 (2004).

In *Francescutti*, the plaintiff, a condominium co-owner, slipped and fell on an icy sidewalk while walking his dog in a common area of the condominium complex. The plaintiff filed a premises liability action against the defendant condominium association alleging that he was an invitee with respect to common areas of the complex. The condominium association argued that the plaintiff was a licensee. This Court rejected both arguments, stating as follows:

> But neither the parties nor the trial court provide any authority for the proposition that the status of an owner of a condominium unit is either an invitee or a licensee with respect to the common areas of the development. Nor were we able to find any such authority. But this question can easily be resolved by looking at the definitions of those terms. "A 'licensee' is a person who is privileged to enter the land of another by virtue of the possessor's consent," while "[a]n 'invitee' is 'a person who enters upon the land of another upon an invitation . . . .' "
>
> The key to the resolution of this case is the phrase in both definitions, "the land of another." Plaintiff did not enter on "the land of another." Plaintiff is, by his own admission, a co-owner of the common areas of the development. Plaintiff's brief acknowledges that the condominium owners are co-owners as tenants in common of the common areas of the development. And because plaintiff is neither a licensee nor an invitee, there was no duty owed to plaintiff by defendant under premises liability. [*Francescutti*, 312 Mich App at 642-643 (footnote omitted).]

In this case, Daoud slipped and fell while in a common area of defendant's condominium complex. The parties do not dispute that plaintiffs owned a condominium in the condominium complex managed by defendant, and thus were co-owners. Defendant, which is comprised of co-owners, owned the premises where Daoud fell. Like the plaintiff in *Francescutti*, plaintiffs were co-owners of the land on which Daoud fell. Plaintiffs' purchase of a condominium unit in the condominium complex entitled them to occupy their condominium unit and required them, pursuant to the by-laws, to be a member of defendant association; it also entitled them to use the common areas of the condominium complex, as long as they paid the required monthly fees and complied with the rules of the condominium complex. Because plaintiffs were in possession of the condominium's common areas, Daoud was not on land that was in the possession of another

when he slipped and fell; he was thus neither an invitee nor a licensee at the time of the fall, and plaintiffs were thus precluded from bringing a premises liability claim.[4]

Moreover, plaintiffs' complaint did not plead a claim for breach of contract against defendant. Cf. *Francescutti*, 312 Mich App at 644 (noting that the plaintiff pleaded a breach of contract claim as an alternative basis for finding that a duty of care was owed by the association, but the plaintiff failed to identify any specific contractual language in support of the breach of contract claim). Instead, plaintiffs alleged in the complaint that a common law duty existed in tort and thus gave rise to a negligence claim. Plaintiffs did not cite to or attach The London Townhouses Condominium Association Bylaws to their complaint. See MCR 2.113(C)(1) (parties stating a claim or a defense based on a written instrument must attach a copy of the written instrument to the pleading).

We reverse the trial court's order denying summary disposition on plaintiffs' premises liability claim.

/s/ Mark J. Cavanagh
/s/ Michael F. Gadola

---

[4] As our concurring colleague notes, in its opinion in *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc,* ___ Mich App ___; ___ NW2d ___ (2021) (Docket No. 351813), this Court was careful to distinguish membership in a cooperative association from membership in a condominium association. Cooperative members simply enjoy a lesser property interest than do the members of a condominium association, both with respect to their individual units and the cooperative's common elements. A condominium owner has a fee interest in the condominium unit and is statutorily required to be a member of the association that has ownership and control over the common elements. A condominium owner "has such rights to share with other co-owners the common elements . . . as are designated by the master deed." MCL 559.163. The plaintiff in *Jeffrey-Moise* was in a "business relationship with the cooperative" through an Occupancy Agreement that gave her "certain rights of occupancy" in her unit (a leasehold), but explicitly denied her "independent authority over" the common elements. *Jeffrey-Moise*, ___ Mich App at ___; slip op at 5-6. Even were we to adopt the concurrence's focus on possession and control, statutorily required membership in an association that owns the common elements gives rise to a greater degree of possession and control by the individual member than does owning a share or shares of stock in a cooperative association, which merely gave rise to a leasehold interest in a unit (as opposed to fee ownership), and a disclaimer of any authority over the common elements "typically enjoyed by an owner." *Id*. at ___; slip op at 6.