### WHEELER v IRON COUNTY ROAD COMMISSION

Docket No. 106096. Submitted October 6, 1988, at Marquette. Decided December 6, 1988.

Richard E. Wheeler, an employee of the Iron County Department of Social Services, was injured when he fell on the floor of the Pentoga Park pavilion. At the time of the injury, Pentoga Park was a county park and Iron County operated under a road commission system but the road commission did not have possession and control of the pavilion. Possession and control had been relinquished to the county. Wheeler and his wife brought an action against the Iron County Road Commission in the Iron Circuit Court, which granted summary disposition for defendant, John D. Payant, J. Plaintiffs appealed.

The Court of Appeals *held:*

By transferring the possessory rights of a property to another, the owner delegates the duty to render the premises safe and absolves himself from the liability.

Affirmed.

TORTS — PREMISES LIABILITY — POSSESSORY RIGHTS.

By transferring the possessory rights of a property to another, the owner delegates the duty to render the premises safe and absolves himself from the liability.

*Shafer, Koch & Juidici, P.C.* (by *Robert P. Juidici*), for plaintiff.

*Clancey, Hansen, Chilman, Graybill & Greenlee, P.C.* (by *Walter L. Hansen*), for defendant.

Before: GRIBBS, P.J., and CYNAR and J. T. KALLMAN,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCES

Am Jur 2d, Premises Liability §§ 20, 22.

Liability of lessee to persons injured by defects in premises or property after surrender of possession by lessee. 11 ALR4th 579.

PER CURIAM. Plaintiffs appeal as of right from a lower court order dismissing their personal injury action by summary disposition. We affirm.

Plaintiff Richard E. Wheeler severely injured his back while working as an employee of Iron County Department of Social Services when he slipped and fell on the floor surface of the Pentoga Park pavilion. The suit originally named the County of Iron as defendant and was dismissed as barred by the exclusivity provision of the Workers' Disability Compensation Act. Plaintiffs then proceeded against defendant, Iron County Road Commission, arguing that it had a nondelegable duty to care for and control the park under MCL 123.66; MSA 5.2436, which provides in part:

Whenever the board of supervisors of any county shall have adopted a resolution to purchase, condemn or to accept certain lands for park purposes, and make an appropriation therefor under the provisions of sections 1 and 2 of this act, there shall be created a board of 3 members to be known and designated as "county park trustees." In counties operating under the county road system, the board of county road commissioners is hereby designated and shall then act as the county park trustees. In all other counties the board of supervisors, at the time of making the appropriation above provided for, shall name and appoint from their number 3 members to be known and designated as county park trustees. Said board of trustees shall have the management, control and expenditure of such funds when collected and shall hold in trust for the county the title to any real estate so purchased, acquired by condemnation or accepted by way of gift or devise for park purposes, and shall supervise the improvement of any such property so purchased, acquired or accepted as authorized by the board of supervisors. . . . Such trustees shall also have the care and control of the such park property and may make reason-

able rules and regulations and enforce the same when made respecting the use by the public of such park property: Provided, That no such rule or regulation shall become effective until (1) it has been approved by resolution of the board of supervisors, (2) such resolution containing such rule or regulation has been published at least once in a newspaper of general circulation within the county, and (3) such rule or regulation has been posted in at least 3 conspicuous places in such park property.

It is not disputed that Iron County operates under the road commission system. Under the above statute, defendant held title to the park, should have acted as the county park trustees, and had an obligation to supervise any improvement in the Pentoga Park. Nonetheless, it is also clear that defendant did not supervise the design and construction of the pavilion, nor did defendant exercise the right of care and control over the pavilion property at any time.

Possession and control are incidents of title ownership, but these possessory rights can be "loaned" to another, thereby conferring the duty to make the premises safe while simultaneously absolving the owner of responsibility. *Merritt v Nickelson,* 407 Mich 544, 552-553; 287 NW2d 178 (1980). By transferring the possessory rights of the property to another, the owner delegates the duty to render the premises safe while absolving himself of liability. *Williams v Detroit,* 127 Mich App 464, 471, n 14; 339 NW2d 215 (1983).

Plaintiffs' complaint sounds in premises liability. In order to be held liable under this theory, the defendant must be a possessor of the premises. In the instant case, it is the County of Iron, not defendant, who was the "possessor" of the pavilion property at the time of Richard Wheeler's claimed

injuries. Although the statute in question has not yet been interpreted by our courts, the plain language does not place a nondelegable duty on defendant to maintain the safety of the premises. The statute vests title for the park property in the road commission, where there is no board of park trustees. The statute does not require that the county road commission be treated any differently than an owner of property, who may relinquish exclusive possession and control over property. Defendant had relinquished control and possession over the property to the County of Iron, and had no duty to Wheeler at the time of his injury. Therefore summary disposition was properly granted by the lower court.

Affirmed.