*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAOUD MOUSA JANINI and FERYAL JANINI,

Plaintiffs-Appellees,

v

LONDON TOWNHOUSES CONDOMINIUM
ASSOCIATION,

Defendant-Appellant,

and

JAMES PYDA,

Defendant.

UNPUBLISHED
February 1, 2022

No. 355191
Wayne Circuit Court
LC No. 19-008520-NO

Before: CAVANAGH, P.J., and SHAPIRO and GADOLA, JJ.

SHAPIRO, J. (*concurring*).

I agree with the majority that *Francescutti v Fox Chase Condo Ass'n*, 312 Mich App 640; 886 NW2d 891 (2015), requires reversal of the trial court's decision to deny summary disposition to the defendant condominium association. However, because I believe *Francescutti* was wrongly decided and absent its binding authority would affirm the trial court, I would issue a published decision requesting that a special panel be convened to reconsider whether condominium associations should be immune from premises liability actions brought by condominium unit owners. See MCR 7.215(J)(2)-(3).

## I. BACKGROUND

Plaintiff Daoud Janini is the owner of a condominium unit in the London Townhouses, a condominium project operated by defendant, a non-profit corporation known as the London

Townhouses Condominium Association.[1]  Plaintiff filed suit alleging that he suffered a serious injury when he fell as a result of the Association's failure to take reasonable measures within a reasonable time to address icy conditions on the project's sidewalks, which are considered to be common elements of the project.[2]  That the Association bears responsibility for taking such measures is not in dispute.  The Association's bylaws provide that "[t]he Association shall be responsible for construction, repair and maintenance of the Common Elements," and in its answer to interrogatories, the Association admitted that it "was responsible for salting on the sidewalks" and for "[s]now and ice removal on the sidewalks."

The Association filed a motion for summary disposition, arguing that although it was responsible to perform snow and ice removal, plaintiff could not bring a premises liability suit against it because as a unit owner he possesses an undifferentiated property interest in the common elements along with all other unit owners as "co-owners"[3] of the project.  The Association relied on this Court's decision in *Francescutti* that co-owners are barred from suing the condominium association for the condition of the common elements under common law.  The trial court, while granting some aspects of the Association's motion,  denied it as to plaintiff's premises liability claim.

## I. ANALYSIS

Were I free to do so, I would affirm the denial of summary disposition because contrary to the Association's argument, in premises liability actions, the focus is not on ownership or title as such but on who has possession and control of the land.  See *Finazzo v Fire Equip Co*, 323 Mich App 620, 627; 918 NW2d 200 (2018) ("Generally, for a party to be subject to premises liability in favor of persons coming on the land, the party must possess and control the property at issue but not necessarily be its owner.").  This is because the "party in possession is in a position of control, and normally best able to prevent any harm to others." *Id*. (quotation marks and citation omitted). See also *Stanley v Town Square Coop*, 203 Mich App 143, 147; 512 NW2d 51 (1993) ("[The party with] exclusive control over the common areas of the premises, . . . is the only one who can take the necessary precautions to ensure that the common areas are safe for those who use them.").  The issue was discussed at length in *Oriel v Uni-Rak Sales Co, Inc*, 454 Mich 564, 568; 562 NW2d 241 (1997):

---

[1] For purposes of clarity, I refer to various entities by the name provided by the Condominium Act, MCL 559.101 *et seq*. Plaintiff's dwelling will be referred to as his "condominium unit."  MCL 559.104(3).  Lincoln Townhouses will be referred to as the "condominium project" or "project." MCL 559.104(1).  Because plaintiff Feryal Janini's claims are derivative of her husband's claims, the term "plaintiff" as used in this opinion refers only to plaintiff Daoud Janini.

[2] Common elements are defined by statute as "the portions of the condominium project other than the condominium units." MCL 559.103.  In some cases, they are also referred to as "common areas."

[3] MCL 559.106(1) defines "co-owner" as "a person, firm, corporation, partnership, association, trust, or other legal entity or any combination of those entities, who owns a condominium unit within the condominium project."

-2-

*Premises liability is conditioned upon the presence of both possession and control over the land.* This is so because

"[T]he man in possession is in a position of control, and normally best able to prevent any harm to others."

Michigan has consistently applied this principle in imposing liability for defective premises.

Our application of this principle is in accordance with the Restatement of Torts. *The Restatement imposes liability for injuries occurring to trespassers, licensees, and invitees upon those who are "possessors" of the land.* A "possessor" is defined as:

"(a) a person who is in occupation of the land with intent to control it or

"(b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or

"(c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b)."

Ownership alone is not dispositive. Possession and control are certainly incidents of title ownership, but these possessory rights can be "loaned" to another, thereby conferring the duty to make the premises safe while simultaneously absolving oneself of responsibility. [Quoting *Merritt v Nickelson*, 407 Mich 544, 552-553; 287 NW2d 178 (1980).]

Thus, a land owner who has not retained at least some degree of possession or control of the premises owes no duty to the entrants. See e.g., *Merritt*, 407 Mich at 554; *Wheeler v Iron Co Rd Comm*, 173 Mich App 542, 544-545; 434 NW2d 188 (1988). Accordingly, the Michigan Model Civil Jury Instructions do not state that an "owner" has the duty to protect those who come on the land, rather it imposes a duty on "the possessor" of the premises. See e.g., M Civ JI 19.03.

It is not in dispute that the Association is in possession and control of the common elements. By contrast, while a condominium unit owner has a nonexclusive and undifferentiated right to use those elements, no unit owner possesses a right of possession and control over them. Condominium unit owners may not modify the common elements, may not maintain them, may not deny others the right to access those areas and may not sell their "share" of the common elements.[4] The Association cannot point to any indicia of ownership present other than the right of reasonable, nonexclusive use that terminates immediately upon the sale of their unit. I would conclude that because the Association is the sole party in possession and control of common

---

[4] MCL 559.137(5) provides that "[e]xcept to the extent otherwise expressly provided by this act, the undivided interest in the common elements allocated to any condominium unit shall not be altered, and any transfer, encumbrance, or other disposition of that interest without the condominium unit to which it appertains is void."

elements, it may be sued in premises liability for injuries arising out of dangerous conditions, even by one who has an ownership interest in the common elements.

As noted however, we are constrained to reverse and direct the trial court to grant summary disposition of the premises liability claim in light of the decision in *Francescutti*, 312 Mich App 640. In that case, the plaintiff, a condominium unit owner, slipped and fell on an icy sidewalk in a common element of the condominium complex. *Id*. at 641. The plaintiff filed a premises liability action, alleging that he was an invitee with respect to common elements of the complex, while the condominium association argued that the plaintiff was a licensee. *Id*. at 642. Though not argued in the briefs, this Court held that, as it pertained to the common elements, a condominium owner is neither an invitee or a licensee because the definitions of those terms refer to a person entering on to "the land of another," and a condominium owner is "a co-owner of the common areas of the development." *Id*. at 643. It concluded that "because plaintiff is neither a licensee nor an invitee, there was no duty owed to plaintiff by defendant under premises liability. Rather, any duty owed to plaintiff by defendant must arise either from principles of general negligence or breach of contract." *Id*.[5]

For the reasons already discussed, *Francescutti*'s holding, which turned on who owned the common elements, is inapposite to basic premises liability law that it is the possessor of the land who is responsible for injuries that occur on the property.[6] To the extent that *Francescutti* can be read as holding that a unit owner may not sue for the condition of the common elements because that would be akin to suing one's self, that holding is not well reasoned. In a premises liability action, the unit owner is not suing him or herself, but rather is suing the Association, a distinct legal entity. Such individual actions against the Association are expressly allowed by the

---

[5] In this case, plaintiff briefly suggests that he has an extant claim for negligent maintenance of the sidewalk arising from the condominium bylaws. But the trial court dismissed all claims except for premises liability, and plaintiff did not file a cross-appeal.

[6] Further, while *Francescutti* relied heavily on the "land of another" language found in some definitions of invitee and licensee, it is noteworthy that the definitions of those terms contained in the model civil jury instructions do not contain that language:

*(An invitee is a person who is invited to enter or remain on [land / premises / a place of business] for a commercial benefit to the possessor of the [land / premises / place of business] or for a purpose directly or indirectly connected with business dealings with the possessor. An invitation may be either express or implied.)

*(A licensee is a person who is invited to enter or remain on [land / premises / a place of business] for any purpose other than a business or commercial one with the express or implied permission of the owner or person in control of the [land / premises / place of business]. A social guest is a licensee, not an invitee.) [M Civ JI 1.901.]

Condominium Act, MCL 559.101 *et seq.*[7] And precluding unit owners from suing the Association is not consistent with basic law governing the analogous areas of partnerships and shareholders.[8]

Notably, another panel of this Court recently held that cooperative housing entities are liable to those living within the project for a failure to reasonably maintain the common elements. See *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, ___ Mich App ___; ___ NW2d ____ (2021) (Docket No. 351813). In reaching that decision, the Court recognized that it was the defendant housing cooperative, rather than the plaintiff member, who had possession and control over the common areas:

> Plaintiff's membership in the cooperative did not give her independent authority over the common areas of the cooperative typically enjoyed by an owner. In fact, the Occupancy Agreement precluded plaintiff, as a member, from making alterations to the common areas of the premises, including the sidewalks. By contrast, defendant retained control over the maintenance of the common areas of the cooperative, including authority over the removal of snow and ice in those areas. *Defendant thus retained sufficient control and dominion over the common areas that it may be said that defendant was in possession of the common areas of the cooperative in contrast to plaintiff's membership right to use those areas. Because defendant was in possession of the cooperative's common areas, we conclude that plaintiff was on land that was in the possession of another when she fell.* [*Id.* at ___; slip op at 7 (emphasis added).]

In distinguishing *Francescutti*, the *Jeffrey-Moise* Court noted the differences in the corporate structures of condominiums and cooperatives, explaining that condominium owners take title to an individual unit while a member in a cooperative owns stock in the cooperative corporation and receives a lease to a unit. *Id.* The Court concluded that

> [u]nlike the plaintiff in *Francescutti*, there is little support for the conclusion that plaintiff owned the land on which she fell. Plaintiff's purchase of a membership in the cooperative entitled her to occupy her townhome and entitled

---

[7] See MCL 559.207 ("A co-owner may maintain an action against the association of co-owners and its officers and directors to compel these persons to enforce the terms and provisions of the condominium documents."); *Newport West Condo Ass'n v Veniar*, 134 Mich App 1, 13; 350 NW2d 818 (1984) ("Defendants are not without a remedy for violations by the association of the master deed, bylaws, or the Condominium Act. This remedy consists of legal action against the association . . . ."). In addition, MCL 559.215(1) provides that: "A person . . . adversely affected by a violation of failure to comply with this Act, or any provision of an agreement or master deed may bring an action for relief in a court of competent jurisdiction.").

[8] See *Yenglin v Mazur,* 121 Mich App 218, 224; 328 NW2d 624 (1982) ("[S]ince a partnership is a separate legal entity for purposes of litigation, capable of suing and being sued, [a partner] may sue on a general obligation of his partnership without the necessity of first bringing an action for an accounting."); *George N Fletcher & Sons v Alpena Circuit Judge*, 136 Mich 511, 513; 99 NW 748 (1904) ("[A] stockholder may [sue the corporation to] enjoin the making of a usurious contract" or a ultra vires act).

her to use the common areas of the cooperative, as long as she paid the required monthly fees and complied with the rules of the cooperative. Plaintiff was thus in a business relationship with the cooperative in which she purchased certain rights of occupancy from the cooperative by buying a membership in the cooperative. [*Id.*]

But while the ownership structures of condominium associations and housing cooperatives are different, it is difficult to see why this should lead to a different outcome in a premises liability suit. To the contrary, MCL 559.241(1) makes clear that the ownership structure of a condominium is not grounds to avoid the legal duties solely on the basis of its form of ownership:

A condominium project shall comply with applicable local law, ordinances, and regulations. Except as provided in subsection (2), a proposed or existing *condominium project shall not be* prohibited nor *treated differently by any law*, regulation, or ordinance of any local unit of government, *which would apply to that project or development under a different form of ownership*. [MCL 559.241(1) (emphasis added).]

Further, for both condominiums and cooperatives, it is the managing legal entity that is responsible for maintaining the common areas,[9] and in both cases, those who live in the complex have an ownership interest in the common areas: condominium owners as co-owners and cooperative members as stockholders. Just as cooperative members pay monthly fees to the cooperative to fund maintenance of the common elements, *Jeffrey-Moise*, ___ Mich App at ___; slip op at 2, in this case plaintiff paid monthly dues to the Association to fund maintenance of the common elements of the project. And like cooperative members, condominium unit owners are in no sense possessors as it relates to the common areas. See *Oriel*, 454 Mich at 568. While the condominium association may exercise control over the common areas, no individual unit owner may do so. For example, individual unit owners are not permitted to make their own alterations to the common areas. Nor can a unit owner occupy the common areas or exclude other owners.[10]

Thus, for purposes of a premises liability action—where the proper defendant is the entity with possession and control of the land—there is not a material distinction between condominium associations and housing cooperatives as it pertains to common elements. Both associations and cooperatives maintain the common elements and have the sole authority to control them and are therefore the "possessors," as opposed to the individual owners and members who merely use

---

[9] And unlike *Francescutti*, in which the plaintiff did not cite to any provisions in the condominium documents establishing a duty to maintain on the part of the Association, see *Francescutti*, 312 Mich App at 644, the bylaws here provide that "[t]he Association shall be responsible for construction, repair and maintenance of the Common Elements."

[10] Indeed, the Association wants to have its cake and eat it too. It claims that because plaintiff is a "co-owner" he may not bring suit regarding common areas. But it also claims that if a unit owner were to damage any common areas, the Association may sue the unit owner even though he is a co-owner.

those areas. I can perceive no principled reason why housing cooperatives should be subject to liability in these types of suits but condominium associations should not, particularly in light of MCL 559.241(1). Nor is it at all clear why a stockholder (i.e., a partial owner) may sue the entity in which he holds stock, but a condominium owner who shares ownership of the common elements with all the other unit owners may not sue the entity entrusted with the project's management.

Further, while the *Francescutti* Court was unable to find any Michigan authority that an owner of a condominium unit is an invitee or licensee with respect to common areas, *Francescutti*, 312 Mich App at 642-643, there is also no prior Michigan case addressing the issue that concluded that unit owners may not sue for injuries due to failure to maintain the common areas. Given that Michigan had no published caselaw on the issue, it is noteworthy that, at least according to the American Law Reports, Michigan now stands alone in barring premises liability actions by individual unit owners against condominium associations for injury caused by the condition of common areas. See Liability of condominium association or corporation for injury allegedly caused by condition of premises, 45 ALR 3d 1171.[11]

For these reasons, I would conclude that *Francescutti* was wrongly decided and request that this Court convene a special panel to reconsider the issue.

/s/ Douglas B. Shapiro

---

[11] See e.g., *Davenport v Cotton Hope Plantation Horizontal Prop Regime*, 333 SC 71, 88; 508 SE2d 565 (1998) ("[A] member of a condominium association . . . may bring a tort action against the association for failing to properly maintain the common elements"); *Lechler v 303 Sunset Avenue Condo Ass'n, Inc*, 452 NJ Super 574, 586; 178 A3d 711 (App Div, 2017) (condominium association had a duty to unit owner, who was injured when he stumbled down center of condominium's exterior stairs, to maintain stairs); *Soederberg v Concord Greene Condo Ass'n*, 76 Mass App Ct 333; 921 NE2d 1020 (2010) (condominium resident, who was injured in slip-and-fall accident on sidewalk on the premises of condominium complex, could bring negligence action against the condominium association); *Henderson v Lofts at Lake Arlington Towne Condo Ass'n*, 2018 IL App (1st) 162744; 105 NE3d 1, 14 (2018) (unit owners' association owed a duty to condominium resident who slipped and fell on his front step on a rainy evening, allegedly due to faulty epoxy work); *Sadlowski v Beacon Mtg Servs, Inc*, 348 Ga App 585, 594; 824 SE2d 42 (2019) (condominium association has a duty to maintain the common elements unless that duty is circumscribed by the condominium documents); *Lloyd v Pier West Prop Owners Ass'n*, 2015 Ark App 487; 470 SW3d 293, 299 (2015) (a condominium association may be held to the landlord standard of care as to common areas under its control); *Sevigny v Dibble Hollow Condo Ass'n, Inc*, 76 Conn App 306, 320; 819 A2d 844 (2003) (an individual condominium unit owner who is a member of the condominium association may maintain a negligence action against the association for negligent maintenance of its common areas); *Walters v Beach Club Villas Condo, Inc*, 301 So 3d 343, 348 (Fla App, 2020) (condominium association bound by its establishing documents that impose a duty on it to maintain common areas).