# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL J. FRANCESCUTTI,

      Plaintiff-Appellant,

v

FOX CHASE CONDOMINIUM ASSOCIATION
and ASSOCIATION MANAGEMENT, INC.,

      Defendants-Appellees.

FOR PUBLICATION
October 15, 2015
9:00 a.m.

No. 323111
Macomb Circuit Court
LC No. 2013-002075-NO

Before: GLEICHER, P.J., and SAWYER and MURPHY, JJ.

SAWYER, J.

Plaintiff appeals from the trial court's order granting summary disposition to defendant Fox Chase Condominium Association on plaintiff's slip-and-fall claim. We affirm.

Plaintiff, a professional magician, is the co-owner of a condominium unit in defendant's Fox Chase development.[1] One evening in February 2013, at approximately 11:00 p.m., while walking his dog, he slipped and fell on an icy, snow-covered sidewalk located in a common area of the development. Plaintiff alleges that, as a result of the fall, he suffered severe injuries to his hand and wrist, producing severe pain and suffering, as well as interfering with his ability to work as a magician. Plaintiff thereafter filed this action, alleging negligence and breach of contract. Defendant Fox Chase moved for summary disposition, arguing that the open-and-obvious-danger doctrine precluded the negligence claim and that there was no contractual duty to remove the snow and ice from the common area upon which plaintiff could base a contract claim. The trial court agreed and granted summary disposition.

Plaintiff first argues that the trial court erred in dismissing the negligence claim because defendants had a duty under MCL 554.139 to maintain the property in reasonable repair. We

---

[1] Defendant Fox Chase is the condominium association formed under the condominium act, while defendant Association Management, Inc. (AMI), is the management company hired by Fox Chase to manage the complex. The claims against defendant AMI had previously been dismissed by stipulation of the parties. Accordingly, we shall refer to defendant Fox Chase in the singular.

-1-

disagree. MCL 554.139 imposes such a duty on the lessor of land. Defendants are not lessors of land leased to plaintiff. Plaintiff is an owner of a condominium unit in the Fox Chase condominium development. Plaintiff attempts to employ a semantic slight-of-hand by noting that, under MCL 559.136 of the Michigan Condominium Act, he is a tenant in common of the common areas of the development. And because that makes him a "tenant," that must make defendant a "lessor" of the land. It, of course, does no such thing. Defendant is not leasing the common areas to plaintiff under a lease and, therefore, it is not a "lessor" under MCL 554.139 and that statute is not applicable to this case.

Next, we turn to plaintiff's argument that the trial court improperly dismissed his negligence claim, which the trial court treated as one of premises liability rather than general negligence, because defendant failed to exercise ordinary care. Plaintiff begins by agreeing with the trial court that his status was one of invitee and then discusses the duty owed to an invitee. Defendant, on the other hand, argues that plaintiff should be considered a licensee, to whom a lesser duty is owed. But neither the parties nor the trial court provide any authority for the proposition that the status of an owner of a condominium unit is either an invitee or a licensee with respect to the common areas of the development. Nor were we able to find any such authority. But this question can easily be resolved by looking at the definitions of those terms. "A 'licensee' is a person who is privileged to enter *the land of another* by virtue of the possessor's consent," while an " 'invitee' is 'a person who enters upon *the land of another* upon an invitation . . . .' "[2]

The key phrase in both of these definitions to the resolution of this case is "the land of another." Plaintiff did not enter upon "the land of another." Plaintiff is, by his own admission, a co-owner of the common areas of the development. Plaintiff's brief acknowledges that the condominium owners are co-owners as tenants in common over the common areas of the development. And, because plaintiff is neither a licensee nor an invitee, there was no duty owed plaintiff by defendants under premises liability. Rather, any duty to plaintiff by defendants must arise either from principles of general negligence or breach of contract.

As for a general negligence claim, while plaintiff's complaint merely labeled his claim as one of "negligence" rather than specifically premises liability, the trial court concluded that the substance of the allegations was that it pled premises liability. And, in reading the complaint, we would agree. And, in any event, plaintiff's arguments on appeal focus on his misplaced statutory analysis as well as the trial court's premises liability analysis, and, in particular, the applicability of the open and obvious doctrine in this case. Plaintiff does not make out an argument under general negligence. That is, while calling his claim as one of general negligence, plaintiff nevertheless only argues the claim, other than that of the statutory violation, in the context of premises liability.

Turning to a breach of contract claim, plaintiff did plead a breach of contract claim against defendant. The trial court granted summary disposition in favor of Fox Chase on the

---

[2] *Stitt v Holland Abundant Life Fellowship,* 462 Mich 591, 596-597; 614 NW2d 88 (2000), quoting *Wymer v Holmes*, 429 Mich 66, 71 n 1; 412 NW2d 213 (1987) (emphasis added).

contract claim because plaintiff failed to identify any specific contractual language in support of a breach of contract claim. Indeed, the trial court went on to state that plaintiff's contract claim was "nothing more than a restatement of his premises liability claim." Plaintiff continues this shortcoming on appeal. Plaintiff directs us to no contract language that would establish a contractual duty that was breached. Plaintiff only points to a document that Fox Chase sent out regarding its "snow removal policy." That, however, is not the same as producing a contract that actually creates a duty, much less providing any evidence that any such duty was breached. In fact, given the cursory treatment given by plaintiff, it is not at all apparent that plaintiff is even pursuing this issue on appeal. That is, it would be reasonable to conclude that plaintiff has abandoned that issue. In any event, the trial court properly dismissed the breach of contract claim.

Affirmed. Defendant may tax costs.

/s/ David H. Sawyer
/s/ Elizabeth L. Gleicher
/s/ William B. Murphy