# STATE OF MICHIGAN

# COURT OF APPEALS

GREGORY SMITH,

        Plaintiff-Appellee,

v

AMBERDEEN VILLAGE ASSOCIATION and
STAMPER & COMPANY,

        Defendant-Third-Party Plaintiffs-
        Appellants,

and

AMBERDEEN VILLAGE, LLC,

        Defendant-Third-Party Plaintiff,

and

MILLER LANDSCAPING, INC,

        Defendant-Third-Party Defendant.

UNPUBLISHED
February 27, 2018

No. 335511
Macomb Circuit Court
LC No. 2015-002388-NO

Before: GLEICHER, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

In this slip-and-fall action, plaintiff sued defendants, Aberdeen Village Association (the Association) and Stamper and Company (Stamper), on statutory and common-law claims alleging that they did not timely clear the ice that caused plaintiff's fall. Defendants moved for summary disposition, and the trial court denied the motion. Defendants appeal by leave granted. We affirm in part and remand in part.

## I. BACKGROUND

The facts of this case are straightforward. In late 2013, plaintiff resided in a condominium unit owned by his sister and paid her monthly rent. The condominium is located within the Amberdeen Village complex and is governed by the Association. Plaintiff's sister

-1-

was the sole owner of the condominium and was an owner-in-common of the complex's common areas. Plaintiff did not hold any ownership interest in his sister's condominium.

The Association contracted with Stamper to administer the complex. In turn, Stamper arranged for Miller Landscaping, Inc. (Miller) to perform snow-removal services at the complex, although the actual contract was between the Association and Miller.

Per Miller's contract, Miller was to inspect the property regularly and clear snow anytime it accumulated more than 1.5 inches. Miller was to inform the Association when ice-removal or prevention services were necessary, but could not perform any services without Association approval. Miller agreed to hold harmless Stamper and the Association for "personal injuries as a result of snow and ice removal operations."

Stamper did not inspect the property except for an "annual spring walk through" to determine whether there was any exterior damage to the condominium units or grounds. Stamper did not have a manager or office at the condominium complex. Accordingly, residents or the Association would call Stamper at its office in Clinton Township to have work completed. Stamper occasionally called Miller to perform snow services when contacted by a resident or the Association; someone from the Association would also call on occasion. Both Stamper and the Association asserted that Stamper had no duty to inspect the property for snow or ice accumulation under Stamper's contract with the Association.

At the time of the slip and fall, plaintiff was employed as a limousine driver. After driving the previous evening, plaintiff returned from his shift at approximately 6:30 a.m. on December 20th. Plaintiff testified that he did not observe any icy conditions on his drive home. Plaintiff parked his car in the parking lot outside his sister's condominium and exited his vehicle. Plaintiff testified that he scanned the parking lot for snow and ice before exiting his vehicle, but did not see any. According to plaintiff, he then exited his vehicle, took approximately five steps from the vehicle, slipped, and fell on the ice. Plaintiff testified that he could not stand up, but instead crawled back to his vehicle and used it to help him stand up. Plaintiff realized that the parking lot "was all ice" when he could not stand up. Plaintiff testified that he then called his sister, who opened the garage door to let him into the condominium.

Plaintiff's sister testified that, when she opened the garage door, she could see that the pavement in the parking lot was "shiny" although it was "kind of dark" and "hard to see." When asked if the parking lot was "wet" or covered in ice, plaintiff's sister responded, "It was cold enough I wouldn't think it would just be wet." Later that day, plaintiff's sister took photographs of the area of the parking lot where plaintiff fell. The pictures show a parking lot covered in a light dusting of snow.

Plaintiff and his sister testified that there was no salt in the parking lot at the time of his fall. Plaintiff stated that the parking lot was dimly light, but that all the lights were functioning at the time of his fall. Plaintiff's sister confirmed that the lighting was dim, but did not know whether the lighting was working properly. Neither plaintiff nor his sister could state whether there was any defect in the property that caused the ice to accumulate on the parking lot. Neither plaintiff nor his sister complained of the dim parking lighting to any management personnel. Similarly, before plaintiff's fall, neither plaintiff nor his sister complained of any ice in the

parking lot. Neither Stamper's nor the Association's records show that any resident complained of icy conditions in the parking lot on December 19th or 20th.

Plaintiff testified that, as a result of the fall, he suffered a fracture to his right ankle, which required him to wear a walking boot and stay off of his right foot for three weeks. Plaintiff missed three weeks of work and, when he returned to work, he was placed on light duty for three weeks, after which he returned to full duty.

Plaintiff sued defendants alleging that he was an invitee of the condominium complex that defendants possessed or maintained and that defendants breached their common-law duty to maintain the premises in a reasonably safe fashion. Plaintiff further argued that defendants violated their statutory obligations to keep ice off of walkways under MCL 67.10 and to keep the parking lot fit for its intended use and in reasonable repair under MCL 554.139.[1]

Defendants moved for summary disposition under MCR 2.116(C)(8) and (10). Defendants argued that, because plaintiff and his sister were tenants-in-common of the common areas of the complex, defendants did not own or possess the parking lot in which plaintiff fell and could not be liable for his injuries under this Court's decision in *Francescutti v Fox Chase Condominium Association*, 312 Mich App 640; 886 NW2d 891 (2015). Moreover, defendants argued that, because plaintiff could not prove that defendants had or should have had notice of the icy condition, plaintiff could not show that the defendants breached their duty to exercise reasonable diligence to remove that condition. Defendants also argued that plaintiff could not bring a claim of a violation of MCL 67.10 because that statute only pertains to sidewalks, not parking lots.

The trial court denied defendants' motion for summary disposition. Although the trial court indicated that it was denying defendants' motion, the trial court first concluded that plaintiff's claim under MCL 554.139 failed because that statute applied only to a "lessor" and the common areas here were not leased to the co-owners in the condominium complex. Neither party challenges this conclusion on appeal.

Regarding plaintiff's common law premises-liability claims, the trial court concluded that *Francescutti* did not apply. The trial court assumed that plaintiff was an invitee and noted that defendants had a duty, as possessors of the common areas of the complex, to exercise reasonable care to know the conditions present on the premises and to make the premises reasonably safe for all invitees, including plaintiff. The trial court concluded that, by way of arguing that they could not have known of the icy condition on the parking lot, defendants conceded that the icy condition was not an open-and-obvious danger. Finally, regarding defendants' argument that they could not be liable for plaintiff's injuries because they had no notice of the ice, the trial court concluded that a question of fact remained on whether a more

_____

[1] Plaintiff dismissed his claims against Miller, although Miller remains a part of the case because of the other defendants' third-party complaint against Miller. None of the remaining issues involving Miller are pertinent to this appeal.

rigorous inspection regiment would have revealed the icy condition and whether defendants were negligent in failing to employ such a regiment. Accordingly, the trial court declined to dismiss the case.

Defendants moved for reconsideration, arguing that, under *Francescutti*, a condominium association owes a co-owner of a condominium unit no duty because the co-owner is neither an invitee nor a licensee due to the co-owner's ownership interest in the common areas of the condominium complex. Defendants continued that, because plaintiff "was a tenant of his sister's condominium . . . with the same possessory rights as the owner," and because plaintiff's sister was a co-owner of the common areas of the complex, plaintiff was neither an invitee nor a licensee to the complex and defendants owed plaintiff no duty of care.

The trial court concluded that plaintiff was renting from his sister and was not an owner of the condominium unit. Accordingly, the trial court found that plaintiff was not a co-owner of the common areas of the complex and that *Francescutti* did not apply. Therefore, the trial court denied the motion for reconsideration. This appeal followed.

## II. ANALYSIS

This Court reviews de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(10). *Hill v Sears, Roebuck and Co*, 492 Mich 651, 659; 822 NW2d 190 (2012). "Summary disposition is proper if the evidence, affidavits, pleadings, and admissions viewed in a light most favorable to the other party demonstrate that there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law." *Auto-Owners Ins Co v Seils*, 310 Mich App 132, 145; 871 NW2d 530 (2015).

On appeal, defendants first argue that they were entitled to summary disposition on plaintiff's premises-liability claim. A plaintiff alleging a premises-liability claim must establish that (1) the defendant owed him a duty, (2) the defendant breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) the plaintiff suffered damages. *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013).

*Defendants Possessed and Controlled the Common Areas.* Both possession of and control over the premises must be present in order to give rise to a duty of care regarding the premises. *Sholberg v Truman*, 496 Mich 1, 7-8; 852 NW2d 89 (2014). "Possession" is defined as "the right under which one may exercise control over something to the exclusion of all others." *Derbabian v S & C Snowplowing, Inc*, 249 Mich App 695, 703; 644 NW2d 779 (2002) (internal citation, quotation marks, and emphasis omitted). "[P]ossession for purposes of premises liability does not turn on a theoretical or impending right of possession, but instead depends on the actual exercise of dominion and control over the property." *Kubczak v Chemical Bank & Trust Co*, 456 Mich 653, 661; 575 NW2d 745 (1998). In turn, "control" means the power to "manage, direct, or oversee" the property. *Derbabian*, 249 Mich App at 703-704 (internal citation and quotation marks omitted).

Here, defendants each exercised authority to manage the common areas of the complex, including the parking lot. Indeed, the record evidence shows that, although the Association and Miller contracted for snow-removal services, both Stamper and the Association would contact

Miller to perform such services. Under Miller's agreement with the Association, Miller could not perform ice-removal or salting services without prior approval from one of the defendants. Moreover, the evidence appears to show that residents of the condominium complex exercised no independent authority over the common areas for the purpose of ice and snow removal. Rather than contacting Miller directly, residents would contact defendants when removal services were necessary. There is no evidence that any condominium owner—let alone a lessee like plaintiff—performed any snow services or had any authority to perform such services on the common areas of the complex. Accordingly, the record makes clear that defendants had sufficient possession and control over the common areas of the condominium complex to have some duty of care regarding those premises.

Francescutti *Does Not Apply*. Upon assuming possession and control of the premises, the premises possessor inherits certain duties of care regarding the premises. Those duties, however, do not extend equally to every person who may come upon the land. This principle is particularly applicable in the unique case of a condominium complex.

In *Francescutti*, 312 Mich App at 641, the plaintiff, a co-owner of a condominium unit in the defendant condominium association's development, slipped on an icy sidewalk located in one of the common areas of the development. The plaintiff sued the condominium association, arguing that plaintiff was an invitee to the development and that the association breached its duty of reasonable care to plaintiff in the inspection and repair of latent dangers. *Id*. at 641-642. The association argued that the plaintiff was a mere licensee, to which the association owed a lesser duty. *Id*. at 642. This Court disagreed with both parties and concluded that the plaintiff, as a co-owner of common areas of the condominium development, was neither an invitee nor a licensee. *Id*. at 642-643. This Court noted that a "licensee is a person who is privileged to enter the land of another by virtue of the possessor's consent, while an invitee is a person who enters upon the land of another upon an invitation." *Id*. at 643 (internal quotation notation, footnote citation, and emphasis omitted). This Court reasoned that the plaintiff could not be an invitee *or* a licensee because he was present on land he owned, rather than on "the land of another." *Id*. (internal quotation marks omitted). Accordingly, this Court concluded that, for the purposes of premises liability, the defendant association owed the plaintiff no duty of care. *Id*.

Here, defendants argue that, under *Francescutti*, they did not owe plaintiff a duty because plaintiff did not enter "on the land of another." Defendants acknowledge that plaintiff was not a legal owner of the condominium unit, but argue that plaintiff, as a tenant living in his sister's unit, had the same possessory rights as his sister. Defendants, however, have not supported their argument with sufficient record evidence to warrant summary disposition. All that is in the record is that plaintiff leased from his sister a room in her individual condominium unit. There is nothing in the record to suggest that plaintiff enjoyed each and every right to possess and control that his sister had over her unit, let alone each and every right that she had to possess and control the complex's common areas. Assertions are not evidence, and defendants offer nothing more than assertions at this point with regard to any possessory or control interests held by plaintiff.

By analogy, when an apartment landlord leases the possessory rights to an individual apartment, the landlord generally does not lease its full possessory interest in the common areas, though the lessees are generally entitled to use those areas. The interest imposes upon the

landlord "a duty of care to keep the premises within their control reasonably safe from physical hazard." *Bailey v Schaaf*, 494 Mich 595, 605; 835 NW2d 413 (2013). There is no suggestion that plaintiff's sister included in the parties' lease agreement—assuming that there is even a formal lease agreement—any interest in the common areas of the complex or that she had any right under the Association's bylaws to do so.

Accordingly, because it is clear that plaintiff is not a co-owner of the common areas of the complex, and defendants have not shown that plaintiff enjoyed the same full set of possessory and control rights as a co-owner, we find that the trial court correctly determined that *Francescutti* is inapplicable to this case.

*Remand Is Necessary to Determine the Impact of* Lowrey *on Plaintiff's Premises-Liability Claim.* Next, defendants do not challenge the trial court's determination that the ice was not an open-and-obvious danger. Rather, defendants argue that they cannot be liable for plaintiff's injuries because they had no actual or constructive notice of the icy conditions present in the parking lot. To show that defendants, as possessors of the property, breached a duty owed to plaintiff, plaintiff bears the burden of showing that defendants had actual or constructive notice of the icy conditions. See *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 10 and n 1; 890 NW2d 344 (2016). To show notice, plaintiff must demonstrate that defendants knew about the icy conditions or should have known of the icy conditions because of their character or the duration of their presence. *Id*. at 10.

As explained above, the trial court rejected defendants' argument because there was a question of fact on whether defendants undertook the type of inspection that a reasonably prudent premises possessor would exercise under similar circumstances to protect its invitees. In doing so, the trial court relied on this Court's decision in *Grandberry-Lovette v Garascia*, 303 Mich App 566; 844 NW2d 178 (2014). After the trial court issued its opinion, however, our Supreme Court issued its decision in *Lowrey* and rejected the requirement that a defendant present evidence of a reasonable-inspection regime to show a lack of constructive notice. *Lowrey*, 500 Mich at 9-10 and n 1. In doing so, *Lowrey* called into question the viability of *Grandberry-Lovette* moving forward. *See id.* at 10 n 1. Neither party addressed in its brief on appeal the impact of *Lowrey* on the trial court's decision or plaintiff's case-in-chief, other than a single citation by defendants for the proposition that a plaintiff must prove actual or constructive notice. Because we believe that this issue should be fully briefed with reference to the record, we remand the matter to the trial court with instructions that defendants be permitted to renew their motion for summary disposition on the notice element. MCR 7.216(A)(5).

*Plaintiff's Statutory Claim Is Misplaced.* Finally, defendants argue that the trial court erred by not granting their motion for summary disposition regarding plaintiff's claim under MCL 67.10. On appeal, defendants argue that they cannot be liable under MCL 67.10 because they did not have notice of the icy conditions. We need not address this argument because we agree with defendants' argument before the trial court that MCL 67.10 is not applicable to this case. MCL 67.10 is a remedy by which a village council may recover the expenses it incurred in maintaining a public sidewalk passing through or abutting a private premises. This case involves neither a public sidewalk nor a village council, and MCL 67.10 is simply inapplicable.

III.  CONCLUSION

We affirm the trial court's conclusion that *Francescutti* is inapplicable to plaintiff's premises-liability claim. Because, after the trial court's opinion was released, *Lowrey* called into question the trial court's reliance on *Grandberry-Lovette*, we remand plaintiff's premises-liability claim to the trial court so that the parties and the trial court may fully explore *Lowrey*'s impact, if any, on plaintiff's claim. We conclude that defendants were entitled to summary disposition on plaintiff's claim under MCL 67.10, and remand for entry of summary disposition to defendants on that claim. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle