*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT G. JENKIN, Personal Representative of
the ESTATE OF KAREN PATRICE DROTAR,

UNPUBLISHED
January 25, 2024

Plaintiff-Appellant,

v

No. 363963
Wayne Circuit Court
LC No. 19-012716-NZ

HICKORY WOODS CONDOMINIUM
ASSOCIATION, INC.,

Defendant-Appellee.

Before: GADOLA, C.J., and MURRAY and YATES, JJ.

PER CURIAM.

Karen Patrice Drotar met her demise on a common area of her condominium development when she attempted to save ducklings trapped in a standpipe. After she pried off a cover, she fell headfirst into the standpipe and drowned in a tragic accident. Addressing a premises liability claim asserted by her estate's personal representative, the trial court awarded summary disposition under MCR 2.116(C)(10) to defendant, Hickory Woods Condominium Association, Inc., based upon our ruling in *Francescutti v Fox Chase Condo Ass'n*, 312 Mich App 640; 886 NW2d 891 (2015). We held in that case that "a co-owner of the common areas of [a condominium] development" cannot be either an invitee or a licensee for the purpose of asserting a premises liability claim. *Id*. at 643. Because the trial court here correctly invoked that legal principle to foreclose plaintiff's premises liability claim, we affirm.

## I. FACTUAL BACKGROUND

In 2003, Ms. Drotar bought a unit in the Hickory Woods condominium development. As a condominium owner, she had "undivided and inseparable rights to share with other Co-owners the Common Elements of the Condominium Project." The common elements of the condominium development included a retention pond located behind Ms. Drotar's unit. The retention pond had a standpipe fitted with a re-rod cover. The storm water drainage system was considered a general common element, and the responsibility for that system belonged to defendant, the association of co-owners.

-1-

In the summer of 2019, Ms. Drotar was found wedged headfirst inside the standpipe with the upper part of her body submerged in water and her legs sticking out of the standpipe. The re-rod cover had been placed to the side of the standpipe and a snow shovel was on the ground nearby. Ms. Drotar was pronounced dead at the scene. An autopsy revealed she died from drowning. The manner of death was deemed accidental. Although there were no witnesses to Ms. Drotar's death, circumstantial evidence suggested she was trying to rescue ducklings from the standpipe and lost her balance in the process.

On September 20, 2019, plaintiff filed suit against defendant setting forth premises liability and negligence claims. The complaint alleged that the standpipe cover was supposed to be secured with three bolts around its outer band to prevent removal of the standpipe without tools, but the bolts were "deteriorated and rusted and no longer intersected with the grooves on the standpipe to prevent the removal of said lid," leaving it easily removable. Two of defendant's board members testified in depositions that Ms. Drotar quite likely removed the cover herself. Coincidentally, the standpipe had been photographed the day before Ms. Drotar drowned during an inspection of the water level in the pond, and the cover was in place at that time. The board members reasoned that Ms. Drotar likely used the snow shovel as leverage to lift the heavy cover off the standpipe.

Just before trial was scheduled to begin, defendant moved for summary disposition under MCR 2.116(C)(10), contending that plaintiff's premises liability claim must fail for want of a duty according to the holding in *Francescutti*, 312 Mich App 640, that an owner of a condominium unit injured on a common area of the development is not "on the land of another" and, therefore, cannot be an invitee or a licensee to whom a duty of care is owed under premises liability law. In a ruling announced from the bench on November 8, 2022, the trial court agreed that *Francescutti* was on point and granted defendant's motion. Plaintiff has appealed that ruling.[1]

## II. LEGAL ANALYSIS

Plaintiff argues that *Francescutti* is factually distinguishable and does not support an award of summary disposition to defendant. The validity of *Francescutti* is currently under consideration by our Supreme Court in *Janini v London Townhouses Condo Ass'n*, 509 Mich 1072 (2022).[2] At this point, however, *Francescutti* remains binding precedent. To be sure, we need not afford the precedential effect mandated by MCR 7.215(C)(2) to a case that is factually distinguishable. *First of Mich Corp v Trudeau*, 237 Mich App 445, 450; 603 NW2d 116 (1999). But we conclude that this case is not factually distinguishable from *Francescutti*, so we must affirm.

We review a trial court's decision on a motion for summary disposition de novo. *Mecosta Co Med Ctr v Metro Group Prop & Cas Ins Co*, 509 Mich 276, 282; 983 NW2d 401 (2022). An

---

[1] Defendant's challenge to the premises liability claim in 2022 was its second motion for summary disposition on that claim. The trial court had awarded summary disposition to defendant on the negligence claim in June 2021, but had denied summary disposition to defendant on the premises liability claim at that time. The negligence claim does not appear to be at issue on this appeal.

[2] On November 8, 2023, our Supreme Court heard a mini oral argument on an application for leave to appeal in that case.

award of summary disposition under MCR 2.116(C)(10) is appropriate when the moving party is entitled to judgment because there exists no genuine issue of material fact. *Citizens for Higgins Lake Legal Levels v Roscommon Co Bd of Comm'rs*, 341 Mich App 161, 177; 988 NW2d 841 (2022). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). " 'A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ.' " *Id*.

Negligence actions, "including those based on premises liability, require a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 110; ___ NW2d ___ (2023). In the context of premises liability, the defendant's duty arises from its role " 'as an owner, possessor, or occupier of land.' " *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 626; 971 NW2d 716 (2021). The initial inquiry in such a dispute is what duty the defendant owed to the plaintiff, *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012), which is dictated by the plaintiff's status on the land as either an invitee, a licensee, or a trespasser. *Kandil-Elsayed*, 512 Mich at 111. An invitee typically "enters the land of another" by invitation, while a licensee "enters the land of another" by consent, and a trespasser "enters upon another's land" without permission. *Jeffrey-Moise*, 336 Mich App at 627 & n 2.

The plaintiff in *Francescutti* sustained injuries in a slip-and-fall accident that occurred on a sidewalk in his condominium development. *Francescutti*, 312 Mich App at 641. The trial court construed the plaintiff's negligence claim as sounding in premises liability and awarded summary disposition to the defendant condominium association under the now-abrogated open-and-obvious danger doctrine. *Id*. at 641-642. Addressing the parties' disagreement on appeal as to whether the plaintiff should be treated as an invitee or a licensee, this Court found the answer by turning to the definitions of those terms, both of which required the visitor to be on "the land of another." *Id*. at 643. (quotation marks omitted). This Court noted that the plaintiff "did not enter on 'the land of another' " because the plaintiff "is, by his own admission, a co-owner of the common areas of the development." *Id*. Indeed, the plaintiff "acknowledge[d] that the condominium owners are co-owners as tenants in common of the common areas of the development." *Id*. Therefore, because the plaintiff was "neither a licensee nor an invitee, there was no duty owed to plaintiff by defendant under premises liability." *Id*.

The trial court here found *Francescutti* directly on point and awarded summary disposition to defendant because Ms. Drotar was both a condominium owner and a member of defendant, so she "had an undivided, inseparable right to share, with the other co-owners, the common elements of the condominium project." Plaintiff characterizes this dispute as factually distinguishable from *Francescutti*, which was decided on the basis of the plaintiff's concession that he was a co-owner as a tenant in common of the common elements within the development (including the sidewalk), whereas Ms. Drotar never received title to the common elements. Instead, she held only a right to "share" in the common elements, which remained in the sole possession and control of defendant. According to plaintiff, Ms. Drotar's rights to the common elements were far more limited than the rights held by a tenant in common, so basic principles of premises liability law support imposing a duty of care on defendant.

We find no merit in plaintiff's attempt to distinguish *Francescutti*. The distinction plaintiff draws is not grounded in facts, but instead based on the analysis this Court employed to reach the

outcome. Because the plaintiff in *Francescutti* "acknowledge[d] that condominium owners are co-owners as tenants in common of the common areas of the development[,]" *id*., this Court did not have any reason to delve into the law or explain why that understanding of the law was correct. Nevertheless, we can infer that the *Francescutti* Court agreed that the co-owner of a condominium unit owns common areas as tenants in common with the owners of other condominium units within the development. Although *Francescutti* did not cite legal authority to support that conclusion, it served as the primary basis for the decision in that case, so that conclusion cannot be disregarded merely because plaintiff disagrees with the legal foundation for the holding.

Moreover, this Court recently distinguished *Francescutti* in *Jeffrey-Moise*, 336 Mich App at 628-632, suggesting that the rights held by a condominium owner with respect to common areas are unique for purposes of premises liability. The plaintiff in that case was a member and a resident of a housing cooperative at which she slipped and fell on a community walkway. *Id*. at 620-621. The defendant housing cooperative, relying on *Francescutti*, argued that it was entitled to summary disposition because the plaintiff was not on "the land of another" when she fell. *Id*. at 628. This Court regarded the distinction between the legal relationships in a condominium development and a housing cooperative sufficient to render *Francescutti* inapplicable, concluding that "there is little support for the conclusion that" the plaintiff, as a member of the housing cooperative, "owned the land on which she fell." *Id*. at 631. Notably, in reaching that decision, this Court recognized that the owners of condominium units take legal title to their units and that such title is accompanied by a right to share common elements with other owners. *Id*. at 630-631.

Here, Ms. Drotar acquired title to her condominium unit by a warranty deed that conveyed not only the condominium itself, but also "rights in general common elements and limited common elements" as set forth in the "Master Deed" and the Condominium Act, MCL 559.101 *et seq*. The master deed, in turn, provided that each condominium co-owner "shall have an exclusive right to his or her Unit and shall have undivided and inseparable rights to share with other Co-owners the Common Elements of the Condominium Project." Those broad rights differ significantly from the more limited rights granted to the plaintiff in *Jeffrey-Moise*, 336 Mich App at 631-632. Therefore, although we found distinguishing features of ownership in *Jeffrey-Moise* that rendered the decision in *Francescutti* inapplicable to that case, *id*. at 632, we can find no principled basis to distinguish *Francescutti* from the situation of Ms. Drotar, who owned a condominium unit as well as "rights in general common elements and limited common elements" of the condominium development. Thus, like the trial court, we conclude that *Francescutti* is directly on point, so we have no latitude to circumnavigate that binding precedent. MCR 7.215(C)(2) ("A published opinion of the Court of Appeals has precedential effect under the rule of stare decisis."). Accordingly, we must uphold the trial court's award of summary disposition to defendant under MCR 2.116(C)(10).

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Christopher P. Yates

-4-