*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES HOLLIDAY,

        Plaintiff-Appellant,

v

KS PROPERTY MANAGEMENT CORP,

        Defendant,

and

KS LANDSCAPING LLC and TRENTON
LEISURE MEADOWS ASSOCIATION,

        Defendants-Appellees.

UNPUBLISHED
January 24, 2025
1:37 PM

No. 365585
Wayne Circuit Court
LC No. 22-001563-NO

Before: FEENEY, P.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

In this slip-and-fall case, plaintiff appeals as of right from the order granting summary disposition to defendant, Trenton Leisure Meadows Association ("Trenton"), under MCR 2.116(C)(8) (failure to state a claim) and (10) (no genuine issue of material fact), and to defendant, KS Landscaping, LLC ("KSL"), under MCR 2.116(C)(10). On appeal, plaintiff argues the trial court erred by granting summary disposition to Trenton because the court incorrectly found that Trenton owed no duty to plaintiff under a premises-liability theory based on this Court's flawed decision in *Francescutti v Fox Chase Condo Ass'n*, 312 Mich App 640, 642-643; 886 NW2d 891 (2015), overturned by *Janini v London Townhouses Condo Ass'n (Janini III)*, ___ Mich ___, ___; ___ NW3d ____ (2024) (Docket No. 164158); slip op at 15. Moreover, plaintiff's claims sounded in both premises liability and negligence, and Trenton breached its statutory duties owed to plaintiff under the Housing Law of Michigan (HLM), MCL 125.401 *et seq*. Plaintiff also argues the trial court incorrectly granted summary disposition to KSL because KSL's contractual obligations owed to Trenton did not relieve it of liability for plaintiff's injuries under a negligence theory and there was a genuine issue of material fact whether KSL breached its common-law duties owed to plaintiff.

Because *Francescutti* was binding law at the time the trial court granted summary disposition to Trenton, the trial court did not err by relying on its holding to find that Trenton owed no duty to plaintiff under a premises-liability theory. But because our Supreme Court in *Janini III*, ___ Mich at ___; slip op at 15, overturned *Francescutti*, we reverse the trial court's order granting summary disposition to Trenton regarding plaintiff's premises-liability claims. With respect to plaintiff's negligence claims against Trenton, the trial court did not err by granting summary disposition to Trenton because plaintiff's claims sounded solely in premises-liability law and the HLM is inapplicable. Finally, because plaintiff failed to establish that KSL breached a duty separate and distinct from KSL's contractual obligations to Trenton, the trial court did not err by granting summary disposition to KSL. We affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

Plaintiff owned and lived in a condominium within a condominium complex owned and maintained by Trenton. Trenton hired KSL to, among other duties, remove snow and lay down ice melt and rock salt on the roadways, driveways, and walkways that the condominium residents use. On February 13, 2019, at about 7:00 a.m., plaintiff, while walking to his car, slipped and fell on a patch of ice in the condominium complex's parking lot. As a result of his fall, plaintiff sustained injuries, including a broken leg that required surgical intervention.

In February 2022, plaintiff filed his complaint against defendants,[1] alleging that because he was an invitee of the condominium complex and defendants had joint possession and control of the premises where his fall occurred, defendants owed him a duty to properly inspect and maintain the premises. Plaintiff claimed defendants failed to uphold their duty because they did not inspect the premises or remove snow and ice from the common areas of the condominiums, thereby causing plaintiff to sustain serious injuries. Additionally, plaintiff asserted that by failing to remove the snow and ice, defendants violated their statutory duties under the HLM, relevant here, MCL 125.536 (owner of a dwelling permits unsafe, unsanitary or unhealthful conditions to exist unabated in any portion of the dwelling). Plaintiff also argued that defendants were liable for negligence because they negligently performed their duties under the contract and created a new hazard that altered the premises and posed an unreasonable risk of harm. KSL and Trenton answered, denying plaintiff's allegations as untrue.

After months of discovery, KSL moved for summary disposition under MCR 2.116(C)(10). In accordance with the contract between KSL and Trenton, KSL asserted that, the day before plaintiff's fall, it "spread 8 bags of ice melt throughout the facility and spread half a ton of rock salt," and did not return to the property until after plaintiff had already fallen. Thus, KSL "performed its duties consistent with its contractual obligations." KSL claimed that in order for plaintiff to bring a negligence action based on a breach of contract claim, plaintiff had to allege that KSL breached a separate and distinct duty from its contractual obligation to remove snow from the condominium's common areas. According to KSL, a separate and distinct duty could include a duty not to create a new hazard, such as piling snow near a walkway. But because there was no evidence that KSL created a new hazard, KSL claimed there was no genuine issue of

---

[1] KS Property Management Corp. was later dismissed by stipulation.

material fact that plaintiff failed to establish a claim of negligence separate from KSL's contractual obligations. As such, KSL requested the trial court dismiss plaintiff's claims.

In response to KSL's motion, plaintiff claimed that "a contracting party's assumption of a contractual obligation does not extinguish or limit separate, pre-existing common law or statutory tort duties owed to a noncontracting third party in the performance of a contract." As such, plaintiff claimed that KSL's snow removal contract did not "absolve it of pre-existing duties to act in a manner so as not to cause harm to others." In his deposition, plaintiff testified that KSL had not performed snow or ice removal for three to four days before his fall despite significant winter weather, and that KSL "generally did a poor job of snow and ice removal." Because plaintiff's testimony created a question of fact regarding whether KSL breached its common-law duty to act in a manner so as to not cause harm, plaintiff argued KSL's motion should be denied.

Trenton also moved for summary disposition under MCR 2.116(C)(8) and (10), arguing that plaintiff's claims sounded in premises liability because his injuries arose from a dangerous condition on the land. To succeed in a premises-liability action, Trenton claimed plaintiff must demonstrate that Trenton owed him a duty. In support of its motion, Trenton relied, in part, on this Court's decision in *Francescutti*, 312 Mich App at 642-643. In *Francescutti*, this Court found that condominium owners were "co-owners as tenants in common of the common areas of a condominium development." *Id.* at 643. As such, this Court held that because a unit owner is not entering upon "the land of another" when in the common areas, there is no duty owed to him under premises-liability law. *Id.* Accordingly, Trenton claimed that because plaintiff owned his condominium, Trenton did not owe him any duty, and plaintiff could not assert a premises-liability claim. Additionally, Trenton asserted MCL 125.536 was inapplicable because Trenton was not the owner of the site of the incident and plaintiff's accident occurred in a parking lot, not in a portion of the dwelling.

In response, plaintiff asserted that there was no basis to Trenton's assertion that his claims sounded only in premises liability. Instead, because plaintiff's injuries "were caused, at least in part," by Trenton's failure to take any measures "to clear snow or ice for several days after a winter storm," plaintiff argued he could pursue an ordinary negligence claim against Trenton in addition to his premises-liability claim. Additionally, plaintiff claimed *Francescutti* was inapplicable because he "did not have possession or control of the common areas, such as the parking lot where he fell, and the property at issue was under the exclusive control of [Trenton]." And because Trenton possessed and controlled the common areas, plaintiff averred that Trenton "was responsible for maintaining them," and "owed Plaintiff a duty to prevent unreasonable risks of harm." Even if *Francescutti* was applicable, plaintiff asserted that Trenton's motion should be denied because our Supreme Court in *Janini v London Townhouses Condo Ass'n (Janini I)*, 509 Mich 1072; 975 NW3d 500 (2022), directed the parties to brief whether *Francescutti* was correctly decided, and the holding in *Francescutti* would likely be reversed or significantly altered.

During the motion hearing, the trial court granted Trenton's motion for summary disposition, finding the because plaintiff was a co-owner of the common areas of the condominium complex, under *Francescutti*, he was precluded from bringing a premises-liability action against Trenton. Further, the trial court found that plaintiff failed to assert a negligence claim against Trenton because his claims sounded solely in premises liability and MCL 125.536 only applied to conditions in a dwelling. The trial court also granted KSL's motion for summary disposition,

finding that there was no evidence that KSL created a new hazard on the property and that plaintiff had failed to demonstrate KSL violated a duty separate and distinct from its contractual obligations to Trenton. This appeal followed.

## II. STANDARDS OF REVIEW

"A decision on a motion for summary disposition and the interpretation of a statute are reviewed de novo." *Le Gassick v Univ of Mich Regents*, 330 Mich App 487, 494; 948 NW2d 452 (2019). That means we review the issue independently, with no required deference to the trial court. *Millar v Constr Code Auth*, 501 Mich 233, 237; 912 NW2d 521 (2018). Although Trenton moved for summary disposition under both MCR 2.116(C)(8) and (C)(10), "we treat the motion as having been brought and decided under MCR 2.116(C)(10)," because the trial court considered materials outside the pleadings. *Shah v State Farm Mut Auto Ins Co*, 324 Mich App 182, 207; 920 NW2d 148 (2018). When deciding a motion under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. at 160. If the moving party properly asserts and supports its motion for summary disposition, the "burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The trial court must only grant summary disposition under MCR 2.116(C)(10) "when there is no genuine issue of material fact," meaning that the record does not leave "open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160 (quotation marks and citations omitted).

"The primary goal of statutory interpretation is to give effect to the intent of the Legislature," and "[t]he most reliable evidence of legislative intent is the plain language of the statute." *Le Gassick*, 330 Mich App at 495 (citation omitted). "If the language of the statute is clear and unambiguous, it is presumed that the Legislature intended the meaning plainly expressed in the statute." *Id*. We give "effect to every word, phrase, and clause," avoiding "an interpretation that would render any part of the statute surplusage or nugatory." *Id*. We also give common words and phrases their plain meaning "as determined by the context in which the words are used, and a dictionary may be consulted to ascertain the meaning of an undefined word or phrase." *Id*.

## III. APPLICABILITY OF *FRANCESCUTTI*

Plaintiff argues that the trial court erred by finding Trenton owed no duty to plaintiff under a premises-liability theory because it relied on this Court's flawed decision in *Francescutti*, 312 Mich App at 642. We disagree, in part.

In a premises-liability action, a plaintiff must demonstrate the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) the plaintiff suffered damages. *Goodwin v Northwest Mich Fair Ass'n*, 325 Mich App 129, 157; 923 NW2d 894 (2018). A claim of premises liability arises from a defendant's duty as an owner, possessor, or occupier of land. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012).

The initial inquiry when examining a claim of premises liability is to establish the duty owed by the possessor of the premises to a person entering the property. *Hoffner v Lanctoe*, 492

Mich 450, 460; 821 NW2d 88 (2012). The duty a possessor of land owes to a person who enters upon the land depends upon whether the visitor is classified as an invitee, a licensee, or a trespasser. *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 111; 1 NW3d 44 (2023). An invitee is a person who enters upon the land of another by an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises and to make the premises safe for the invitee's presence. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000). A plaintiff will be classified as an invitee solely if the purpose for which the person was invited onto the owner's property was "directly tied to the owner's commercial business interests." *Id*. at 604.

The possessor of land maintains the utmost duty to an invitee, being the "duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Kandil-Elsayed*, 512 Mich at 112 (quotation marks and citation omitted). The possessor of the premises breaches that duty when he or she knows or should know of a dangerous condition on the premises of which the invitee is unaware, and neglects to fix, guard against, or warn the invitee of the defect. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016). A plaintiff must establish that "the premises possessor had actual or constructive notice of the dangerous condition at issue." *Id*.

In granting summary disposition to Trenton, the trial court relied on this Court's binding holding in *Francescutti*. In *Francescutti*, the plaintiff, a condominium co-owner, slipped and fell on an icy sidewalk in the condominium complex. *Francescutti*, 312 Mich App at 641. The plaintiff filed a premises-liability action against the defendant condominium association contending that he was an invitee with respect to common areas of the complex. *Id*. at 641-642. This Court found the defendant owed no duty to the plaintiff, reasoning:

> Plaintiff did not enter on "the land of another." Plaintiff is, by his own admission, a co-owner of the common areas of the development. Plaintiff's brief acknowledges that the condominium owners are co-owners as tenants in common of the common areas of the development. And because plaintiff is neither a licensee nor an invitee, there was no duty owed to plaintiff by defendant under premises liability. [*Id*. at 643.]

In this case, plaintiff slipped and fell while in the parking lot—a common area of Trenton's condominium complex. The parties do not dispute that plaintiff owned a condominium in the complex owned and managed by Trenton, and the parties were thus co-owners of the common areas of the condominium. Under the reasoning of *Francescutti*, plaintiff, as a co-owner, was in possession of the condominium's common areas, which included the parking lot.

During the pendency of this appeal, however, our Supreme Court in *Janini II*, ___ Mich at ___; slip op at 10-15, overturned *Francescutti*, finding that condominium owners are invitees and thus can bring premises-liability actions against condominium associations when they are injured in common areas of the condominium complex. Because *Francescutti* is no longer binding law, we reverse the trial court's order granting summary disposition to Trenton regarding plaintiff's premises-liability claim and remand for further proceedings.

## IV. TRENTON'S NEGLIGENCE

Plaintiff contends that the trial court erred by granting summary disposition to Trenton because his claims sounded in both premises liability and negligence, and Trenton breached its statutory duties owed to plaintiff under the HLM. We disagree.

"Michigan law distinguishes between a claim of ordinary negligence and a claim premised on a condition of the land." *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 625; 971 NW2d 716 (2021). Whether the essence of an action sounds in negligence or in premises liability is determined by considering the plaintiff's complaint as a whole, irrespective of the labels attached to the allegations by the plaintiff. *Buhalis*, 296 Mich App at 691-692. "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Bowman v Walker*, 340 Mich App 420, 426; 986 NW2d 419 (2022) (quotation marks, citation, and alteration omitted). A premises-liability action, however, does not preclude a separate claim grounded on an independent theory of liability based on the defendant's conduct. *Pugno v Blue Harvest Farms LLC*, 326 Mich App 1, 15; 930 NW2d 393 (2018).

Plaintiff did not establish a distinct negligence action because his injuries arose from a dangerous condition on the land—the snow and ice patch in the parking lot—which sounds in premises liability. Plaintiff alleged that he slipped and fell on the icy parking lot as a result of Trenton's failure to clear snow and ice for several days, despite having constructive knowledge of the dangerous condition of the sidewalk and parking lot. When a "plaintiff alleges that the dangerous condition was created by the actions of defendant or its employees—or more accurately, their failure to act—that allegation does not transform a premises-liability action into one of ordinary negligence." *Jeffrey-Moise*, 336 Mich App at 625. Accordingly, the trial court did not err by finding that plaintiff's claims sounded only in premises liability.

Even if plaintiff's claims did sound in negligence, he is not entitled to relief because the HLM, upon which plaintiff relies, is inapplicable to this case. The HLM, specifically MCL 125.536(1), provides, in pertinent part:

> When the owner of a dwelling regulated by this act permits unsafe, unsanitary or unhealthful conditions to exist unabated *in any portion of the dwelling, whether a portion designated for the exclusive use and occupation of residents or a part of the common areas*, where such condition exists in violation of this act, any occupant, after notice to the owner and a failure thereafter to make the necessary corrections, shall have an action against the owner for such damages he has actually suffered as a consequence of the condition. [Emphasis added.]

One requirement to establish a violation of MCL 125.536 is that the condition exists in a portion of the dwelling. MCL 125.402(1) defines dwelling as "any house, building, structure, tent, shelter, trailer or vehicle, or portion thereof, (except railroad cars, on tracks or rights-of-way) which is occupied in whole or in part as the home, residence, living or sleeping place of 1 or more human beings, either permanently or transiently . . . ."

The parking lot where plaintiff slipped was not in a "portion of the dwelling." Even though it is arguably a "common area" of the condominium complex, it was not a "common area" "in the dwelling," as the icy parking lot was located outside of plaintiff's condominium unit. See *Holder v Anchor Bay Investments, Inc*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364401; slip op at 7 (holding an exterior set of stairs leading to the plaintiff's dwelling did not fall under the duty to repair imposed by MCL 125.536 because the stairs were not " 'in' the dwelling."). As such, the trial court did not err when it determined the HLM was inapplicable, and it correctly found that Trenton was entitled to summary disposition regarding plaintiff's alleged negligence claims.

V. KSL'S NEGLIGENCE

Plaintiff asserts the trial court erred by granting summary disposition to KSL because KSL's contractual obligations owed to Trenton did not relieve it of liability for plaintiff's injuries under a negligence theory and there was a genuine issue of material fact whether KSL breached its common-law duties owed to plaintiff. We disagree.

"To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). Liability in tort cannot be found unless a defendant owes a plaintiff a duty of care. *Hill v Sears, Roebuck, & Co*, 492 Mich 651, 660; 822 NW2d 190 (2012). "[A] duty of care may arise by way of statute, a contractual relationship, or the common law." *Powell-Murphy v Revitalizing Auto Communities Environmental Response Trust*, 333 Mich App 234, 243; 964 NW2d 50 (2020) (quotation marks and citations omitted). Common law "imposes on every person engaged in the prosecution of any undertaking an obligation to use due care, or to so govern his actions as not to unreasonably endanger the person or property of others. *Id*. at 243-244 (quotation marks and citations omitted). "[A]ccompanying every contract is a common-law duty to perform with ordinary care the thing agreed to be done, and that a negligent performance constitutes a tort as well as a breach of contract." *Fultz v Union-Commerce Assoc*, 470 Mich 460, 465; 683 NW2d 587 (2004) (citation omitted). But "a tort action will not lie when based solely on the nonperformance of a contractual duty." *Id*. at 466.

In dismissing plaintiff's negligence claim and granting summary disposition to KSL, the trial court, relying on our Supreme Court's opinion in *Fultz*, determined that plaintiff failed to establish that KSL owed him a duty of care separate and distinct from "what was contemplated in [KSL's] contractual obligation," with Trenton. In *Fultz*, the plaintiff brought a negligence claim against a snow removal service after she slipped and fell in an icy parking lot. *Id*. at 462. The snow removal service had a contract with the owner of the parking lot to perform snow and salt services. *Id*. The plaintiff claimed the snow removal service was negligent because it owed her a common-law duty to exercise reasonable care in performing its contractual duties, and failed to plow or salt the parking lot. *Id*. at 463-464. In order for a contracting party to be liable to a noncontracting third-party for negligence, the *Fultz* Court determined that

lower courts should analyze tort actions based on a contract and brought by a plaintiff who is not a party to that contract by using a "separate and distinct" mode

of analysis. Specifically, the threshold question is whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations. If no independent duty exists, no tort action based on a contract will lie. [*Id*. at 467.]

Accordingly, the *Fultz* Court found that the plaintiff could not bring a tort action against the snow removal company because she failed to allege a "duty owed to her independent of the contract." *Id*. at 467-468.

Because courts subsequently misinterpreted *Fultz*, our Supreme Court in *Loweke*, 489 Mich at 159, clarified the *Fultz* Court's "separate and distinct" analysis, finding "that a contracting party's assumption of contractual obligations does not extinguish or limit separately existing common-law or statutory duties owed to noncontracting third parties in the performance of the contract." The *Loweke* Court summarized its holding as follows:

> Accordingly, . . . we clarify that when engaging in the "separate and distinct mode of analysis" in *Fultz*'s analytical framework, see 470 Mich at 469-470, courts should not permit the contents of the contract to obscure the threshold question of whether any independent legal duty to the noncontracting third party exists, the breach of which could result in tort liability. Instead, in determining whether the action arises in tort, and thus *whether a separate and distinct duty independent of the contract exists*, the operative question under *Fultz* is *whether the defendant owed the plaintiff any legal duty that would support a cause of action in tort, including those duties that are imposed by law*. [*Loweke*, 489 Mich at 171 (emphasis added).]

Thus, the question before us is whether, under *Fultz* and *Loweke*, plaintiff alleged a breach of any legal duty independent of KSL's contractual obligations to Trenton.

The creation of a "new hazard" may give rise to a breach of a duty separate and distinct from a contract. *Boylan v Fifty Eight LLC*, 289 Mich App 709, 716-717; 808 NW2d 277 (2010). A new hazard could include placing snow near a walkway where the snow could melt and re-freeze. *Fultz*, 470 Mich at 469.

Plaintiff alleged that KSL's failure to remove snow and ice despite significant winter weather constituted a breach of KSL's common-law duty to act in a manner so as to not cause harm. But removing snow from the condominium complex was a duty that KSL expressly agreed to perform under its contract with Trenton, and "a tort action will not lie when based solely on the nonperformance of a contractual duty," *Fultz*, 470 Mich at 466. Further, plaintiff failed to identify any "new hazard" created by KSL that would impose a common-law duty independent of its contract with Trenton. Because plaintiff failed to establish that KSL breached a duty separate and distinct from KSL's contractual obligations to Trenton, the trial court did not err by granting summary disposition to KSL.

We affirm in part, reverse in part, and remand for further proceedings. No costs as no party prevailed in full.

/s/ Kathleen A. Feeney
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron