*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT G. JENKIN, Personal Representative of
the ESTATE OF KAREN PATRICE DROTAR,

UNPUBLISHED
January 30, 2025
9:08 AM

Plaintiff-Appellant,

v

No. 363963
Wayne Circuit Court
LC No. 19-012716-NZ

HICKORY WOODS CONDOMINIUM
ASSOCIATION, INC.,

Defendant-Appellee.

ON REMAND

Before: GADOLA, C.J., and MURRAY and YATES, JJ.

PER CURIAM.

In an unpublished opinion issued on January 25, 2024,[1] we affirmed an award of summary disposition under MCR 2.116(C)(10) to defendant, Hickory Woods Condominium Association, Inc., based upon this Court's ruling in *Francescutti v Fox Chase Condo Ass'n*, 312 Mich App 640; 886 NW2d 891 (2015). In that case, this Court ruled that "a co-owner of the common areas of [a condominium] development" cannot be an invitee or a licensee for the purpose of asserting a claim for premises liability. *Id*. at 643. But after we issued our unpublished opinion, our Supreme Court ruled in *Janini v London Townhouses Condo Ass'n*, ___ Mich ___; ___ NW3d ___ (2024) (Docket No. 164158), "that the Court of Appeals erroneously determined that a condominium co-owner is neither a licensee nor an invitee and thus is precluded from bringing a premises liability claim against a condominium association simply because the condominium co-owner holds an interest in those common elements." *Id*. at ___; slip op at 2. In reaching its decision, our Supreme Court "overturn[ed] the Court of Appeals decision in *Francescutti*" and clarified "that the proper inquiry when considering the duty owed in a premises-liability context is who holds possession and control

---

[1] *Jenkin v Hickory Woods Condo Ass'n, Inc*, unpublished per curiam opinion of the Court of Appeals, issued January 25, 2024 (Docket No. 363963).

-1-

over the land where a person was injured and not merely who owned the land." *Id*. at ___; slip op at 15.

On September 30, 2024, our Supreme Court entered an order vacating our judgment in this case and remanding this case to us "for reconsideration in light of *Janini* . . . ." *Jenkin v Hickory Woods Condo Ass'n, Inc*, ___ Mich ___, ___; 11 NW3d 486, 486 (2024). Upon review, we now conclude that the trial court's summary disposition award under MCR 2.116(C)(10) to defendant was in error because it relied on the holding in *Francescutti*, 312 Mich App at 643, that a co-owner of "the common areas of [a] condominium" development "is neither a licensee nor an invitee" as to the common areas even if the co-owner does not control the common areas. Here, the incident that resulted in the demise of Karen Patrice Drotar occurred on a common area of the condominium development when she allegedly pried off a cover of a standpipe, fell headfirst into the standpipe, and drowned. Although Ms. Drotar was a co-owner of a condominium unit, that fact does not bar a premises-liability claim based upon her status as a licensee or an invitee. See *Janini*, ___ Mich at ___; slip op at 16 (explaining "that plaintiff was an invitee when he entered the condominium's common area and [so] defendant owed him a duty to exercise reasonable care to protect him from dangerous conditions on the land"). Accordingly, we vacate the trial court's summary disposition award and remand the case for further consideration consistent with this opinion and *Janini*.

Vacated and remanded for further consideration. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Christopher P. Yates

-2-